GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. PHILLIP BONN.

Decided January 9, 1907.

**1.—Personal Injury—Negligence of Master.**

In a suit by a railroad employe for injuries received while moving a heavy rail, alleged to have been caused by the want of sufficient assistance, evidence considered, and held to support a finding by the jury that the master was negligent in not furnishing more men to handle the rail.

**2.—Same—Fellow Servant—Assumed Risk—Evidence.**

Where it appeared from the evidence that there was no negligence on the part of plaintiff's fellow servants, that plaintiff was not accustomed to or skilled in the work required of him, and that the danger to such a person resulted from the insufficient assistance furnished by the master, the court properly refused to instruct a verdict for the defendant.

**3.—Physical Infirmity—Contributory Negligence.**

When an employe who is suffering from a physical infirmity which is liable to be aggravated by the work assigned him, undertakes such work without giving his employer notice of his condition, he is guilty of contributory negligence.

**4.—Assumed Risk—Intelligence—Charge.**

Where, in a suit for personal injuries, the evidence did not show that plaintiff was lacking in ordinary intelligence, a charge on the issue of assumed risk that the plaintiff was entitled to recover unless he knew or in the discharge of his duties must necessarily have known the risk and attendant danger, was not reversible error because it made the intelligence of the plaintiff, instead of that of a man of ordinary intelligence, the standard.

5.—Personal Injuries—Pleading.

In a suit for personal injuries caused by lifting a heavy railroad iron, pleading considered, and held, sufficiently specific as to the negligence of the defendant and the manner of the injury.

Appeal from the District Court of Bexar County. Tried below before Hon. J. L. Camp.

*Baker, Botts, Parker & Garwood, Newton & Ward* and *W. B. Teagarden*, for appellant.—The court erred in refusing to submit to the jury defendant's special charge, which reads as follows: "You are charged, Gentlemen of the Jury, that in this case plaintiff is not entitled to recover under the law and the facts, and you will, therefore, return a verdict for defendant." It was error to refuse this peremptory instruction, because the undisputed facts show that the plaintiff had been more than fifteen years engaged in railroad service of different characters, a portion of which time he worked as a section hand on its tracks in the San Antonio yards, and because of his experience and the simple and obvious nature of the dangers and risks involved in carrying the iron rail in question, these were all known to him, and open to common observation to a man of his experience and understanding, and were equally as well known to him as to defendant's representatives. The dangers and risks involved in carrying the iron rail, under the undisputed facts, were assumed risks of his employment, as a matter of law, and he was not entitled to recover. International & G. N. Ry. Co. v. Figures, 89 S. W. Rep., 780; Seery v. Gulf, C. & S. F. Ry., 8 Texas Ct. Rep., 925; Haywood v. Galveston, H. & S. A. Ry. Co., 85 S. W. Rep., 433; St. Louis S. W. Ry. Co. v. Austin, 72 S. W. Rep., 212, and cases cited; San Antonio Gas Co. v. Robertson, 93 Texas, 503; St. Louis, A. & T. Ry. Co. v. Lemon, 83 Texas, 143; Gulf, C. & S. F. Ry. Co. v. Williams, 72 Texas, 163; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 732; Texas & Pac. Ry. Co. v. French, 86 Texas, 98.

The simple laws of nature are supposed to be known to, and their effects on the service understood by, all employes of mature years, and the master may assume this and act accordingly. Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 732; St. Louis S. W. Ry. Co. v. Austin, 72 S. W. Rep., 212; Texas & Pac. Ry. Co. v. French, 86 Texas, 98; Gulf, C. & S. F. Ry. Co. v. Williams, 72 Texas, 163.

Where the defect or injurious contrivance is equally known to, or alike open to the observation of, both employer and employe, both are upon common ground, and the employer is not liable for a resulting injury. Texas & Pac. Ry. Co. v. French, 86 Texas, 96.

Plaintiff must show that his injuries resulted proximately from the negligence complained of, and a mere surmise or suspicion is not sufficient to raise an issue of fact. Galveston, H. & S. A. Ry. Co. v. Faber, 77 Texas, 153; Joske v. Irvine, 91 Texas, 574.

In a suit by a servant against the master, where it appears equally certain that one or more of several acts or conditions caused the injury, any one of which involves no fault on the part of the master, then the servant is not entitled to recover, having wholly failed to show that his injury resulted from defendant's negligence. Texas & Pac. Ry.

v. Patton, 179 U. S., 658; Kenneson v. West End St. Ry. Co. (Mass., 1897), 46 N. E. Rep., 114; Manhattan Ry. Co. v. Searles, 25 Am. & Eng. Ry. Cases, 358.

A verdict which rests upon mere conjecture is wholly unsupported by any competent testimony. Clark v. Hills, 67 Texas, 141.

When employes adopt a method of their own to perform labor of this character, where the dangers are open to common understanding, the risks attending the method are assumed by them. Lyons v. Galveston, H. & S. A. Ry. Co., 10 Texas Civ. App., 11; 2 Am. & Eng. Ry. Cases (N. S.), 316; Texas & Pac. Ry. v. Bradford, 66 Texas, 737.

The law conclusively presumes that an adult who engages to do common labor has sufficient skill and experience to perform labor requiring strength and common understanding only: Jennings v. Iron Bay Co., 47 Minn., 111; O'Neil v. Great Northern Ry. (Minn., 1900), 17 Am. & Eng. Ry. Cas. (N. S.), 415.

The court's charge was error in that it in effect lays down the proposition that the allegations of negligence charged against appellant, and enumerated therein, being sustained, appellee would be entitled to recover, unless the jury should further find that he was both guilty of contributory negligence, and that he assumed the risk which caused the accident, whereas the law is, that upon proof of either, his right to recover would be defeated. Baker v. Ashe, 80 Texas, 356; International & G. N. Ry. Co. v. Von Hoesen, 91 S. W. Rep., 604; Houston, E. & W. T. Ry. v. Greer, 22 Texas Civ. App., 5; Houston, E. & W. T. Ry. v. Richards, 20 Texas Civ. App., 203; Galveston, H. & S. A. Ry. v. Hubbard, 70 S. W. Rep., 112; Gulf, C. & S. F. Ry. v. Denson, 72 S. W. Rep., 70; McGrew v. St. Louis, S. F. & T. Ry. Co., 74 S. W. Rep., 816.

*Perry J. Lewis* and *H. C. Carter,* for appellee.

JAMES, Chief Justice.—A judgment in this cause was reversed by this court because in its opinion the trial court had committed error in directing a verdict for the defendant. (82 S. W. Rep., 808.) At the recent trial the case was submitted to the jury, and in addition to alleged errors in the charges and the amount of the recovery, appellant brings into question the sufficiency of the evidence adduced at this trial to support the verdict, and insists that the undisputed evidence showed that the danger involved in carrying the rail was an assumed risk as a matter of law; and that plaintiff failed to show by any sufficient testimony that his injury resulted from any negligence of defendant; and further, that the probative force of the testimony was so weak that it can not be said to have raised more than a surmise or suspicion that the injury was caused by defendant's negligence. The above are the propositions advanced by appellant under its first assignment of error, which complains of the refusal of a requested peremptory instruction.

We find testimony supporting the following facts: That plaintiff was engaged at the time to do general labor on appellant's premises as "a kind of roustabout," and was with others ordered by his foreman, Hawkes, to carry some rails from where they lay to a place across a ditch. That the men were expected to obey orders of their foreman,

or suffer discharge. Hawkes was present and called the men, seven in number, to take the rails and lay them alongside a fence, which was across the ditch. Three men, one of them the plaintiff, took the rail at one end, and four men took the other end, Hawkes standing there and observing the work. There was testimony that it was the foreman's duty to order the men what to do and how to do it. It was his business to stand there and tell them what to do and show them how to do it, "it is his business to go there and show them how to handle the rail across the ditch so nobody would get crippled or hurt." We quote this to show that some skill and experience were required in doing the work with safety. There was other testimony that it required skill as hereinafter shown.

There was evidence also that plaintiff was inexperienced in that kind of work and did not know the number of men reasonably required to perform it with safety, nor the danger involved in having only three persons at his end; also that such work, in fact all railroad work, was required to be done as quickly as possible; also that the ground was uneven, that the ditch had perpendicular or sloping sides, that it was dangerous business unless there were sufficient men, that more than three men were necessary to handle it with safety to those engaged on level ground and the necessity greater when moving it over the ditch under the conditions that existed, and that on account of the number of hands being insufficient under said conditions, defendant was guilty of negligence in having only three men at that end, and by reason of such negligence plaintiff received his injury while engaged in carrying the rail into the ditch.

That the foregoing state of testimony supports a case of negligence and liability for injuries so received, is sufficiently explained in our former opinion. We see no reason to come to a different conclusion in reference either to the issue of defendant's negligence or plaintiff's assumed risk. In addition to the authorities referred to in the former opinion we may add Sherman v. Texas & N. O. Ry. Co., 99 Texas, 571; Illinois Cent. Ry. v. Langan, 76 S. W. Rep., 32.

The second assignment of error claims that the peremptory instruction should have been given because the evidence was undisputed that plaintiff and those working with him in carrying the rail were fellow servants, and that they adopted a method of their own in doing the work upon reaching the ditch, and that plaintiff's injury, if any, was due to said method, or to his or their negligence or the negligence of some of them in the manner in which they undertook to cross the ditch with the rail.

The ditch had sloping sides, some of the witnesses said perpendicular sides, and there was evidence that the ground was broken and uneven. These men were directed by the foreman to take these rails across the ditch and lay them at a certain place. There was testimony which went to show that none of the men was negligent in his movements or conduct or in the course adopted, and that the conditions which tended to throw too much weight on one were incident to the work when done by too small a force, especially where one or more of the men were not accustomed to carrying rails, and there was testimony that plaintiff was such a person. The testimony would not have justi-

fied the court in assuming that plaintiff's companions were negligent, nor that he received his injury solely as the result of their acts, apart from any concurring negligence of defendant in not supplying adequate workmen. This matter was considered and discussed in the former opinion.

The third assignment is that the peremptory instruction should have been given because the undisputed evidence shows that the assistance furnished plaintiff was sufficient. The witness Shook testified that in railroading generally they have eight men, four at each end of a rail on level ground. That in crossing a ditch it is harder than on level ground. It appears that the other end was handled upon the bank by four men which naturally threw more weight on the end in the ditch. Another witness, McCue, testified that to handle rails safely requires at least eight men. This witness stated that in carrying a rail across a ditch with ordinary safety it would require at least eight men; that "in going down into the ditch it was impossible for them all, they hardly ever can get them to do it, to go down at one time, therefore the first man goes down, that throws the weight on the next man, because he is not quite down, and then the springing of the rail makes it that much worse where there are not enough men on it; that it is difficult, severe on the men handling it, the rail swaying, that it takes skill, because an inexperienced man didn't know how to keep step and it causes more of a spring when they don't go together, that it requires more men to carry a rail safely over a ditch than over level ground." The witness Reed stated in reference to three men at one end, that it was really not enough, but still it can be done and has been done. That in crossing a ditch there should be four men. This is enough to quote in order to show that the undisputed testimony was not as appellant contends.

What has been said disposes also of the fourth, fifth, sixth, seventh and eighth assignments. One point that appears in connection with these assignments is that the verdict is palpably against the weight of the evidence. This we are unable to declare. Another is that the lifting of weights and carrying of an object like this rail, and plaintiff's lifting capacity were open to his observation and known to him, hence he assumed the risk. His unfamiliarity with a work of this kind was a factor to be considered, also the fact that he was ordered to engage in this work by his master, and he was expected to do it under pain of discharge for disobedience. The testimony given by the several witnesses demonstrates that the fact of the force assisting him being insufficient was at least debatable, and not so clearly conspicuous as necessarily to charge one not familiar with that species of work, with knowledge of its insufficiency.

The ninth complains of the refusal of the following charge: "You are charged that in lifting, carrying and removing the piece of iron no skill or science was involved other than that which is supposed to be possessed by any ordinary laborer, and in your deliberations you will so treat and consider the matter." Sufficient testimony has been adverted to, to show the impropriety of this instruction.

The tenth complains of a paragraph of the court's charge which directed the jury in case they ascertained certain facts, "and you further believe from the evidence that the plaintiff was not guilty of contribu-

tory negligence and did not assume the risk to find for plaintiff." One point is that defendant was entitled to a verdict if plaintiff was guilty either of contributory negligence or assumed the risk. The same was raised and disposed of against appellant in the case of Railway v. Cherry, 17 Texas Ct. Rep., 505. Another is that the paragraph submitted the case without reference to the negligent method adopted by appellee and his companions in carrying the rail, and also the negligence of his fellow servants, which were issues in the case. Immediately following this paragraph the court charged the jury that plaintiff could not recover if he assumed the risk, or if the negligence of his fellow servants caused the injury. The paragraph complained of dealt with plaintiff's contributory negligence, which included any negligent act in which he participated. As to the negligence of his fellow servants, that would not have exonerated defendant if, as stated in the paragraph, the negligence of the foreman directly caused plaintiff's injury. Another objection is to the following expression in this paragraph: "And if you further believe that while carrying said rails across said ditch the weight thereof upon the plaintiff was so great as to injure him as alleged, etc." The proposition states that "there was very strong evidence showing that plaintiff was ruptured, or susceptible to rupture, and unable to bear the burdens usually lifted by laboring men, and by taking plaintiff in his enfeebled condition, as a standard, there being no allegation or proof that his feeble condition was known to the foreman, the charge was fatally erroneous." It appears to us that if plaintiff was afflicted so as to make it extra hazardous for one in his condition to engage in lifting weights, engaging in it without notifying his foreman of his condition, would bring his conduct under the head of contributory negligence, which was embraced in the charge. It is not easy to ascertain the precise point appellant seeks to urge in this connection. What is relied on seems to be expressed in the brief thus: "Our judgment is that the overwhelming weight of the facts points to this physical condition as the sole cause of his injury, and it should have been carefully guarded in the charge. Instead of doing this a misleading instruction was given." We fail to perceive anything of a misleading character. Any matter of mere generality or omission should have been remedied by a requested instruction. Defendant would have been fully protected by a charge calling attention to this matter as a form of contributory negligence. As a matter of fact the court gave such an instruction in the main charge. And in addition the court gave all the charges defendant asked on the subject, which seems to fully cover the matter. We copy them:

"You are further charged, gentlemen, that when a man undertakes employment and service with another, his employer has the right to assume that he is physically able to do the work which he undertakes to do, and if he suffers from any weakness or infirmity which renders him unfit to perform the labor, then it is his duty to disclose this to his employer.

"And if the work changes, and if he goes under the command of another foreman who does not know of the disabilities, if any, and that foreman directs him to do different and heavier work which may prob-

ably cause injury to him, it is his duty to inform that foreman of his disabilities, if any.

"Applying this rule of law to the facts in this case you are instructed that if plaintiff was at the time he attempted to carry the rail in question in a physical condition which made him susceptible to injury from carrying the ordinary burdens which men of his appearance could sustain with reasonable safety, and such physical condition, if any, was unknown to the foreman, Mr. Hawkes, himself, then Mr. Hawkes had the right to assume that he could with safety bear such a burden."

The eleventh assignment of error can not be sustained. In submitting assumed risk the court required the jury to find that plaintiff knew, or in the discharge of his duty must necessarily have known, that the number of men furnished was insufficient to move the rail with reasonable safety to himself, and the attendant danger. Appellant's criticism is that the above is confined to what plaintiff must necessarily have known in the discharge of his duty, thereby taking plaintiff as the standard, instead of a man of ordinary intelligence. It is based on testimony of appellant's wife, which the brief states to be: "that his mind was not strong." It appears from the record that she was asked whether or not her husband "was a very bright intelligent man." She answered "No sir," but it appears the court sustained appellant's objection to this on the ground that no such matter was pleaded. The answer would not have shown that plaintiff was lacking in ordinary intelligence, had it not been excluded. The rule charged concerning assumed risk was the correct one.

We overrule the twelfth assignment complaining of the amount of the verdict.

The charge referred to in the thirteenth was properly refused. It misstated the law of assumed risk as applied to the facts in evidence. We have already stated that the evidence would not justify the court in assuming that the plaintiff knew the number of men necessary to perform this work with safety to himself. Everything that was proper in this instruction, was sufficiently given.

By the fourteenth it is claimed that a demurrer, special in character, should have been sustained to the petition. The demurrer was to "all that part of the petition in which plaintiff says that by reason of being compelled to carry said rail he was internally strained and ruptured is insufficient in law because he does not show with sufficient particularity the particular facts, occurrences and acts on his part and upon the part of his fellow servants which brought about the result charged; in other words he fails to show the facts and circumstances and acts and movements of himself and his fellow servants with sufficient particularity to show how the accident and injury happened."

In the proposition it is stated "that it was the duty of appellee to show by his petition the facts and particulars upon which he relied and which he would make proof of to show how his injury actually occurred and why it should be attributed to an insufficient number of men, and wherein appellant was negligent."

The petition alleged that the foreman negligently commanded this plaintiff and five or six other men to take up and carry a heavy rail, and negligently ordered them to carry it across a ditch which made it

unusually burdensome and dangerous. That while so lifting and carrying same across said ditch the weight became so great that it ruptured plaintiff. That to carry it with ordinary safety at least twelve or fourteen men were necessary, but notwithstanding this the foreman ordered said insufficient force to carry it across the ditch. That said foreman furnished only two men in addition to plaintiff to carry one end of it, when at least double that number should have been furnished at that end. That said foreman stood by and directed how said work was to be done, and it was their duty to obey him, that he knew, or by the use of ordinary care could have known, that this number was insufficient and he was guilty of negligence in so ordering; that plaintiff had no experience in carrying such a rail and did not know the number of men required to carry it, and his injuries were wholly and directly caused by defendant's aforesaid negligence. It also alleged that plaintiff was in the exercise of due care to prevent injury to himself.

The contention of appellant amounts to nothing more or less than that appellant should have alleged not only the negligent acts relied on and the result, but also the evidence upon which he relied to sustain such allegations. The negligence alleged was specified and unmistakably conveyed by the petition, viz.: The causing this rail to be carried across a ditch by a less number of men than was consistent with the safety of those carrying it, by reason of which plaintiff was injured as alleged by too great weight coming upon him. A detailed account of the acts of plaintiff and his co-laborers in moving the rail and of the event in which he received his injury affected more properly the matter of proof. The assignment is overruled. Judgment is affirmed.

*Affirmed.*

Writ of error refused.