TEXAS & P. RY. CO. v. DOMINGUEZ.

(Court of Civil Appeals of Texas. March 8, 1911.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONCLUSIVENESS.

A verdict on conflicting evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. MASTER AND SERVANT (§ 294*)—INJURY TO SERVANT—EVIDENCE—ISSUES.

Where, in an action for injuries to a servant, the evidence raised the issue of the negligence of a fellow servant, the refusal to charge on that issue was error.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1162–1167; Dec. Dig. § 294.*]

3. MASTER AND SERVANT (§ 285*)—INJURY TO SERVANT—PROXIMATE CAUSE—QUESTION FOR JURY.

Whether facts alleged and proved in an action for injuries to a servant constituted negligence proximately causing the injuries complained of held for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1002; Dec. Dig. § 285.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action by Felix Dominguez against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Edwards & Edwards and Oscar L. Bowen, for appellant. E. B. Elfers and W. W. Bridgers, for appellee.

NEILL, J. This suit was brought by Dominguez against the railroad company to recover damages for the loss of his big toe, alleged to have been caused by defendant's negligence. The negligence averred is, substantially, that while plaintiff was in the employ of the railroad company as a section hand, engaged in repairing its track under the direction and control of its section boss, plaintiff and two other section hands were ordered by the boss to take a section of a steel rail (designated in the evidence as a switch point) from a hand car and carry it to a designated point on the road, so that it could be laid in time for an approaching passenger train to pass the place where the track was being repaired; that in his hurry to have the switch point laid the section boss directed plaintiff and his fellow servants to take and carry it in their arms; that, after taking hold of the same, he hurried them along over a rough grade of the road; and that while they were so carrying the switch point in obedience to the orders and directions of their boss one of his fellow servants, without warning, dropped one end of it, causing plaintiff to lose his hold and the rail to fall on his foot and cut off his toe; that the usual and customary way of handling and carrying such a rail was with grappling hooks, which were provided for that purpose by defendant; and that, if plaintiff and his fellows had been permitted to handle and carry such rail with such implements, as they started to do and would have done but for said orders of the section boss, his injuries could and would not have been inflicted. The defendant pleaded a general denial, assumed risk, negligence of a fellow servant, and contributory negligence. The case was tried before a jury and resulted in a judgment for the sum of $971.50.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

A number of assignments of error attack, in different forms, the sufficiency of the evidence to support the verdict.

There was evidence tending to show that while on October 18, 1907, plaintiff was in the employ of defendant as a section hand, his foreman ordered a switch point brought from a hand car and so placed on the track which was being repaired that a train approaching the place where the section gang was at work could pass there; that, when the order was given the plaintiff, one of the gang to whom the order was directed started to get the grappling hooks, which defendant had provided for doing such work, but the foreman ordered him and the other members of the gang to carry the rail in their hands; that the plaintiff and two other members of the gang then, in obedience to the order of their foreman, took the rail from the car, plaintiff taking the front end, which was pointed, one of the men taking it about the middle and the other the rear end, and, while they were thus carrying it in their hands to the point designated, the foreman ordered them to hurry up with it, and, before reaching the point where it was to be placed, the man in the rear, without warning, dropped his end, which forced plaintiff's end of the rail out of his hands, and it fell on his foot and cut off his toe.

There is no question about plaintiff's injuries being caused in this way. But the contention is (1) that the foreman never ordered the men to carry the rail in their hands; (2) that it was impracticable to carry the rail with grappling hooks, the proper method of carrying it being by hand; (3) that the rail was carried to the designated point, and plaintiff was notified to drop it when the other two men did and negligently failed to do so; and (4) that the rail was negligently dropped by plaintiff's fellow servant.

While there was evidence tending to support all of these contentions, it was for the jury to weigh and determine its probative force; and, had they all been submitted by an unobjectionable charge, we would not be inclined to disturb the verdict.

But the charge did not submit the issue of negligence of a fellow servant, though an appropriate charge was requested by defendant on such issue, and, as its refusal is assigned as error, we must reverse the judgment on that account.

As to whether the facts alleged and proved constitute negligence which was the proximate cause of plaintiff's injury was a matter for the jury to determine in view of all the facts and circumstances bearing upon and surrounding the transaction. Bonn v. G., H. & S. A. R. Co., 82 S. W. 808; Id., 44 Tex. Civ. App. 631, 99 S. W. 413; Sherman v. T. & N. O. R. Co., 99 Tex. 571, 91 S. W. 561.

Reversed and remanded.