SORENSON *v.* NORTHERN PAC. R. CO.

(*Circuit Court, D. Minnesota.* September 10, 1888.)

1. TRIAL—INSTRUCTION—EXPRESSION OF OPINION ON EVIDENCE.
    A trial judge may express an opinion in a charge upon a question of fact, providing the jury are clearly informed that such opinion is not binding upon them, and that they are to decide according to their own judgment.
2. SAME—OBJECTION TO EVIDENCE—SUBSEQUENT IMMATERIALITY—EXPERT TESTIMONY.
    It is no ground for the exclusion of medical expert testimony given at the close of plaintiff's evidence that defendant's witnesses developed other facts, and the medical witness was not recalled for further examination.
3. DEATH BY WRONGFUL ACT—CAUSE OF DEATH—EVIDENCE—SUFFICIENCY.
    In an action by a personal representative against a railroad company for causing decedent's death by negligence, it appeared that directly after the injury complained of decedent began to fail, and so continued, with but a slight change for the better, until about one year thereafter, when he died. Some two or three years previous to the injury decedent was hurt by the fall of a derrick and had some ribs broken, but he fully recovered, and was a hearty man until the railroad accident. The expert testimony differed as to the cause of the death. *Held,* that the evidence sustained the finding that the injury complained of was the cause.

At Law. Motion for new trial.

Action by Hanna Sorenson, administratrix of the estate of Christopher Sorenson, deceased, against the Northern Pacific Railroad Company, for

negligently causing the death of the intestate. Verdict for plaintiff, and motion for a new trial, which was overruled.

*John W. Arctander*, for plaintiff.

*W. P. Clough* and *John C. Bullitt*, for defendant.

BREWER, J. In this case, since the argument of a motion for a new trial, I have read carefully the testimony as well as the briefs of counsel, and will now state my conclusions. Extended comment is unnecessary. In September, 1883, Sorenson, the plaintiff's intestate, jumped from one of defendant's trains, and suffered thereby severe bruises. His jump was at the instance of the conductor, justified by the threatening peril of a collision, and without imputation of blame or negligence on his part. The peril was caused by the culpable negligence of defendant's employes. Soon thereafter Sorenson began to droop and fail, and in September, 1884, he died. That for all injuries directly and proximately caused by the jump from the train defendant is liable is beyond dispute; is indeed not denied by counsel for the company. The contention is that death resulted from heart and aortic troubles existing prior to September, 1883. Physicians were called in on both sides. They differed in opinion. Much of their testimony was purely speculative,—a discussion of possibilities and probabilities. Upon the whole case, and the various matters discussed by counsel with great throughness and ability, I remark briefly:

1. Expression of opinion upon questions of fact by the trial judge is permissible, providing the jury are clearly informed that such expression is not binding upon them, and that they are to exercise their own judgment.

2. There is no objection to a plaintiff's closing his case with medical and expert testimony based upon the facts as then presented, and no rule recognizing the exclusion of such testimony, if, other facts being developed by defendant's witnesses, the medical witness is not recalled for further examination.

3. Where medical witnesses disagree in opinion and theory, the undisputed history of the case is often the most satisfactory and controlling fact. In this case such history fully justified the verdict. While some two or three years before this injury Sorenson had been injured by the fall of a derrick, and had two or three ribs broken, yet he soon recovered therefrom, and was a strong, hearty, and hard-working man until this time. Soon after this accident he began to droop and fail, and so continued failing, with a short and slight change for the better in the spring of 1884, until his death in September, 1884. Such a fact is significant, and upholds the verdict. I know that *post hoc* is not always *propter hoc*, but where the *propter hoc* is uncertain, the *post hoc* may often be decisive.

I cannot think that another trial upon similar testimony would result differently. Hence, passing all minor questions, I think the motion for a new trial must be overruled; and it is so ordered.