GULF, C. & S. F. RY. CO. v. SMITH.

(Court of Civil Appeals of Texas. Dallas. June 1, 1912. Rehearing Denied June 15, 1912.)

1. MASTER AND SERVANT (§ 234*)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE.

Where a railroad employé, while unloading ties in the ordinary manner, permitted one to slip from his hands by reason of it being wet with creosote on the bottom, which condition he did not know until the tie slipped, and as a result creosote was spattered in his eye, he was not chargeable with contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 684–686, 706–709; Dec. Dig. § 234.*]

2. MASTER AND SERVANT (§ 97*)—INJURY TO EMPLOYÉ—ANTICIPATED RESULT.

Where a tie being unloaded by an employé under the directions of a vice principal had been soaked with creosote by the railroad com-

pany, injury to the employé's eye from the tie slipping and spattering creosote was a result such as could reasonably have been anticipated by the company; creosote being known to be dangerous to the eyes, and it being natural for the wet tie to slip and for the creosote to spatter.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 163; Dec. Dig. § 97.*]

3. NEGLIGENCE (§ 59*)—ANTICIPATED RESULTS.

The proximate and natural consequences of an act of negligence are always deemed foreseen, though the precise injury may not have been anticipated.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 72; Dec. Dig. § 59.*]

Appeal from District Court, Hunt County; T. D. Montrose, Judge.

Action by Rush Smith against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Terry, Cavin & Mills, A. H. Culwell, and Rodman S. Cosby, all of Galveston, for appellant. Evans & Carpenter, of Greenville, for appellee.

RAINEY, C. J. This suit was brought by appellee to recover damages of appellant for injury to his eyes by reason of creosote splashing therein while unloading ties that had been saturated therewith. Plaintiff's allegations, in effect, were: That he was an employé of appellant, engaged at the time in unloading creosoted ties from a car at Celeste, Tex. That said ties had been treated with a preparation called creosote, the ingredients of which were to plaintiff unknown, but which was poisonous and dangerous to the eyes; the dangerous character thereof being unknown to plaintiff. That the defendant had loaded into the bottom of the car ties saturated with the said creosote, and loaded dry ties on top; or else, had loaded all of the ties while they were wet with creosote, and the creosote from the ties on top had dripped down onto the ties on the bottom, and that, in either event, the ties in the car, except those in the bottom, were dry, and that those in the bottom of the car were saturated and wet with said creosote, all of which was unknown to plaintiff when he engaged in said work. That in unloading the ties it was necessary for those engaged to stoop, bringing their faces near the ties, and that when the ties were saturated with said creosote, and another tie is dropped on such a tie, creosote will splash up, and might reasonably be expected to get into the eyes of those engaged in said work. That the wet and slippery condition of the ties in the bottom of the car was not observable to or seen by plaintiff, and that when he took hold of a tie lying on the top of another tie in the bottom of the car, the bottom of the tie he took hold of and the top of the one it was lying on were wet and saturated with the said creosote, as aforesaid, and the top tie was slippery by

reason thereof, which he did not know. That, when he lifted the top tie, his hands slipped from the same, and it dropped back and struck the bottom tie, causing the creosote accumulated on the top of the bottom tie to splash into plaintiff's eyes, resulting in the injuries complained of. The negligence relied on was the permitting of the ties in the bottom of the car to be wet and saturated with said poisonous creosote, without notice to plaintiff thereof, and directing him to work therein and handle said ties, in said condition; the last paragraph of his petition being as follows: "That the proper and safe way to handle * * * the ties was to permit the creosote to dry before loading the same, and that this plaintiff had not theretofore been called upon to unload any ties that had not been dried; and that plaintiff did not notice until he took hold of said tie that the bottom of it was wet, or that the tie under it was saturated with said preparation; that the defendant had caused said ties to be loaded * * * in the manner aforesaid; * * * that the causing or permitting of said ties to be in the condition herein alleged rendered the place where and the appliances with which plaintiff was required to labor not reasonably safe for his use; that defendant's foreman in charge of such work expressly directed this plaintiff to do the same, and this plaintiff relied on the performance by the defendant of its duty to use ordinary care in furnishing him with a reasonably safe place to work, and did not inspect the said place before engaging in said work."

Defendant answered by general denial, plea of contributory negligence, special plea that plaintiff was negligent in permitting the tie to slip and drop from his hand, when the alleged wet condition of said tie and the one immediately underneath was in no way concealed, but on the contrary was patent and obvious. The failure of plaintiff to give his alleged injured eye the proper medical attention immediately after the injury, or within a reasonable time thereafter, and by special plea that any and all danger attending the unloading of the ties in their alleged wet condition was open, patent, and obvious, and any such risk attending such work of unloading the ties was such as could be easily seen and appreciated by the plaintiff, and that he assumed the risk of any such injury while engaged in this work.

A trial resulted in a verdict and judgment in favor of plaintiff for $750, and the defendant appeals.

The evidence adduced on the trial sustains the material allegations of plaintiff's petition.

Appellant presents two assignments of error. The first is that the court erred in refusing to give a peremptory instruction to the jury to find for defendant, because under the evidence the plaintiff was not enti-

tled to recover. The second assignment is, in effect, that the court erred in not granting it a new trial on the ground of the insufficiency of the evidence. We will therefore only consider the sufficiency of the testimony to sustain the judgment.

The first proposition made by appellant is that: "Where the uncontradicted testimony showed, as it did in this case, first, that if the plaintiff had got creosote in his eyes, the instantaneous effect thereof would be intense and severe pain, and, second, that plaintiff exhibited no signs of such pain immediately after the time of the alleged mishap, but, on the contrary, made no complaint of such injury, the evidence as to whether or not plaintiff sustained the injury as alleged was in such a state that reasonable minds could not differ as to the effect thereof, and the trial court therefore should have given a peremptory instruction for the defendant." The plaintiff testified to getting creosote in his eyes, and there was no direct testimony contradicting his statement. As to the immediate effect creosote getting into the eyes would produce the evidence to some extent was conflicting; but we think there was sufficient evidence to warrant the verdict of the jury.

[1] The second proposition presented is: "Plaintiff's own testimony shows conclusively that the proximate cause of his injury, if any, was his own carelessness and clumsiness in letting the tie drop out of his hands and fall upon the tie immediately underneath. Without the dropping of the tie, the alleged spattering of the creosote could not have occurred, and where the evidence, showing, as it did, that no one except the plaintiff himself caused the tie to drop, certainly plaintiff was guilty of contributory negligence which should bar a recovery, and the jury should have been so charged." The evidence does not show contributory negligence on the part of the plaintiff. He was handling the tie in the ordinary way, and it slipped from his hands by reason of being wet under the bottom with creosote, which condition he says was not discovered by him until it had slipped from his hands. The evidence does not show any other version of the matter. The ties he had handled before this were dry, and he did not know the dangerous character of creosote.

[2] The third proposition is: "The negligence, if any, of the railway company in permitting the alleged creosote on top of the tie immediately underneath the one plaintiff was handling at the time of his injury was not the proximate cause of plaintiff's alleged injury, because: First, the entire testimony in this record shows that, while the unloading of creosoted ties was a usual and ordinary occurrence, still the alleged accident to plaintiff was the first of its character ever heard of by any witness in this case; second, the alleged injury to

plaintiff and the alleged manner of its happening was not such a result as could reasonably be anticipated by the railway company, by reason of the mere presence of the creosote upon this tie; third, there was an intervening cause, i. e., the act of plaintiff in dropping the tie." At the time plaintiff was injured, he was unloading ties under orders from a vice principal. The ties were saturated with creosote, a dangerous substance when brought in contact with the eyes. This was known, or ought to have been known, to the defendant; but the plaintiff was ignorant thereof. The ties being wet with this substance, it was natural for it to drop from the upper tiers to the lower ones and there accumulate. It was natural, when a tie was raised and dropped on a lower one on which the creosote had become deposited, to cause the creosote to splash and particles thereof to get into the eyes. It was not unnatural, the tie being wet, which condition was not known to plaintiff, for it to slip from the hand when raised and cause such a splash. Then it cannot be said that the injury to plaintiff could not have been foreseen.

[3] It is not necessary that the precise injury should have been anticipated, but that some injury might follow from the act of negligence. "The injuries, proximate, and natural consequences of an act of negligence are always deemed to be foreseen." Railway Co. v. Jackson, 133 S. W. 925. The act of the defendant in allowing the ties to be loaded in the condition they were in and requiring them to be unloaded in the condition they were when unloading was the proximate cause of the injury, and from the evidence the jury were authorized to so find.

The evidence supports the verdict of the jury, and the judgment is affirmed.