ROBERT COLLINS v. PECOS & NORTHERN TEXAS RAILWAY COMPANY.

No. 2807.   Decided May 28, 1919, May 26, 1920.

(212 S. W., 477; 222 S. W., 156.)

**1.—Negligence—Anticipating Results.**

A defendant is liable for injuries flowing as a natural result from his failure to exercise due care. So far as concerns the issue of negligence it is sufficient that he might have anticipated injury therefrom; and it is not necessary that he should have been able to anticipate the particular injury or the extent of its consequences. (P. 581).

**2.—Same—Creosote Poisoning—Case Stated.**

A railway company found negligent in having set an employee to handling wet creosoted ties without warning him of danger from poisoning thereby, was properly held liable for the proximate results to him, though from the state of existing knowledge, it could not anticipate that the results would be other than slight, or that they would extend, as they did, to serious constitutional effects. (Pp. 579- 583).

**3.—Proximate Cause—Question of Fact.**

Whether serious poisoning resulted from handling wet creosoted ties, and whether, if so, it was a proximate result of such exposure, was under evidence here considered, a question of fact for the jury. (P. 584).

ON MOTION FOR REHEARING.

**4.—Practice in Supreme Court—Remand.**

Where the Supreme Court finds error in the judgment reversing and remanding a case on appeal, but the court of civil appeals, reversed by its ruling on that point, has failed to consider other assignments of error on which its ruling would be final, the Supreme Court will not affirm the judgment of the trial court, but remand to the Court of Civil Appeals for disposition of those assignments. (Pp. 584, 585).

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Parmer County.

Collins sued the Railway Co. and obtained judgment. Appeal by defendant resulted in reversal, 173 S. W., 250. Collins then obtained writ of error. The case was referred by the Supreme Court to the Commission of Appeals, Section B. Their opinion, pronounced by Sadler, J., recommended reversal and affirmance of the judgment of the trial court, 212 S. W., 477, and this was made the judgment of the Supreme Court. On motion for rehearing, however, that

court rendered an opinion remanding to the Court of Civil Appeals.
Both opinions are here published.

*J. Marvin Jones, L. C. Barrett,* and *J. M. Browning,* for plaintiff
in error.—The only notice it was necessary for appellant to have
had previous to this injury of the danger of creosote poisoning from
handling creosote ties, was that some injury might result to a
servant from handling these wet creosoted ties. It was not necessary
that appellant should know or be able to anticipate the exact injury,
but if it had notice that such ties might injure some of his servants,
even slightly, then the duty of warning attached and a failure to
perform such duty, the proximate cause of injury to a servant who
was ignorant of the danger, is followed with liability. Trinity etc.,
Ry. Co. v. Smith, 155 S. W., 361; G. C. & S. F. Ry. Co. v. Smith,
148 S. W., 820; Railway Co. v. Gardner, 69 S. W., 217; Cunning-
ham v. C. B. & Q. Ry. (Mo.), 137 S. W., 600; Mather v. Rillston,
156 U. S., 391; Railway v. Wood, 14 N. E., 772; M., K. & T. Ry.
Co. v. Byrd, 98 S. W., 991; Bering v. Peterson, 67 S. W., 133,
Railway Co. v. Bellar, 112 S. W., 326; Galveston v. Posnainsky, 62
Texas, 134; Billman v. Railway Co., 76 Ind., 166; Seckinger v. Phil-
bert, etc., 31 S. W., 957; Weiting v. Town of Millston, 46 N. W., 879;
Railway Co. v. Buck, 96 Ind., 346; Railway Co. v. Kemp, 48 Am.
Rep., 134; Railway Co. v. Lesley, 57 Texas, 83; Cowan v. W. U. T.
Co., 98 N. W., 281; Watson v. Reinderknecht, 84 N. W., 798; High-
land v. Railway Co. 65 S. W., 649; Peters v. Johnson, 41 S. E., 190;
Lyons v. Railway Co., 35 N. Y., 372; Taft v. Railway Co., 35
N. Y. Supp., 1042; Sorenson v. M. P. Ry. Co., 36 Fed., 166;
Gerkin v. Brown Sechler Co., 143 N. W., 48; Jucker v. C. & N. W.
Ry. Co., 8 N. W., 862; Newhart v. St. P. C. Ry. Co., 52 N. W., 983.

*Terry, Cavin & Mills, Madden, Truelove & Kimbrough, Carl Gilli-
land,* and *Black & Smedley,* for defendant in error.—The trial court
should have given the requested peremptory charge to find for
defendant, because there is no evidence to show that ties treated as
were the ties in question were so poisonous as that handling them in
the usual manner would cause systemic poison by absorption from
contact, without which there could have been no actionable negli-
gence in failing to give notice of danger or to furnish tongs with
which to handle. 3 Words & Phrases, 2522, "Evidence;" 16 Cyc.,
p. 847, "Evidence;" 1 Greenleaf on Evidence, sec. 1; 6 Words &
Phrases, 5684, "Proof."

The trial court should have given the requested peremptory charge
to find for the defendant, because, even if the evidence were suffi-
cient to show that plaintiff was poisoned as a result of handling
treated ties, there is no evidence at all to show that appellant knew,
or by the exercise of ordinary care would have known, or should
reasonably have anticipated, that as the natural and probable con-
sequence of its failure to warn or furnish instruments for handling

the ties, employees unloading and handling such ties in the usual manner would become afflicted with systemic poisoning as a result thereof, so that the alleged damages appear to be and are too remote and speculative. Railway Co. v. Bingham, 90 Texas, 223, 225; Pinkley v. Railway Co., 246 Ill., 370, 35 L. R. A., N. S., 679; Lawless v. L. G. L. Co., 72 Mo. App., 679; C. E. F. G. Co. v. Myers, 64 Ill., 270; Railway Co. v. Welsh, 100 Texas, 121; Railway Co. v. Barry, 98 Texas, 251; Oil Co. v. Burns, 96 Texas, 577; Neely v. Railway Company, 96 Tex., 379; Hilge v. Hettich, 95 Texas, 327; Railway Co. v. Reiden, 107 S. W., 666; Duerler Mfg. Co. v. Dulling, 83 S. W., 891; Railway Co. v. Kieff, 94 Texas, 338; Railway Co. v. Walters, 161 S. W., 916, 920; Butler v. Gulf Pipe Line Co., 144 S. W., 340, 342; Railway Co. v. Murray, 132 S. W., 496, 497; Railway Co. v. Gardner, 69 S. W., 217; Railway Co. v. Fultz, 120 S. W., 984; Railway Co. v. Shubert, 130 S. W., 708; Seale v. Railway, 65 Tex., 275; Reynolds v. Railway Co., 101 Texas, 2.

The trial court should have given the requested peremptory charge to find for defendant, because there is no evidence to show that the plaintiff was in fact poisoned as a result of handling the treated ties, but, on the contrary, it is shown that he is suffering with pellagra, and in the absence of a showing that he was in fact so poisoned, there could be no recovery. Same authorities.

### ON MOTION FOR REHEARING.

The cause should be remanded to the district court, because the Court of Civil Appeals, upon evidence amply warranting that action, has made findings of fact on material issues contrary to those made by the trial court and the jury and has remanded the case, and this court, in such event, is without power to review its action. Western Union v. Tweed, 197 Texas, 253; Pollock v. Railway Co., 103 Texas, 69; Lee v. I. & G. N. Ry. Co., 89 Texas, 583; Choate v. Railway Co., 91 Texas, 406; Warren v. City of Denison, 89 Texas, 557; Irving v. Freeman, 106 Texas, 40; Patrick v. Smith, 90 Texas, 267; Stephens v. Masterson, 90 Texas, 424; Mitchum v. Ry. Co., 107 Texas, 34; Wallace v. Cotton Oil Co., 91 Texas, 21; Post v. State, 106 Texas, 500; State v. Elza, 206 S. W., 342.

MR. JUDGE SADLER delivered the opinion of the Commission of Appeals.

This suit was filed in the District Court of Parmer County by Robert Collins, to recover damages from the Pecos & Northern Texas Railway Company, for injuries alleged to have been caused by negligent poisoning while he was acting for the defendant as section foreman in unloading railroad ties recently treated with a mixture known as "creosote." The negligence is charged to have been the failure of defendant to warn him of the danger of poisoning resulting from contact with the solution.

The findings of the jury, and there is evidence to support same, sustain the allegations that about the 27th of May, 1912, plaintiff was working on the line of defendant's road, in charge of a section gang, unloading and placing ties which had recently been treated with a creosote solution for preservation; that these ties were wet with the solution, and that it got on the hands and face of plaintiff, causing injury; that he had theretofore handled creosote ties and timbers on which the solution had dried, but had no experience in handling wet timbers and did not know that creosote when wet would produce injury to his hands and face by coming in contact therewith; that he did not know the properties of the solution, or that it was poisonous; that defendant did know, or by reasonable diligence could have known, that the solution used by it, when coming in contact with the skin before it had dried, would cause injury thereto, and would poison the flesh; that the defendant did not warn plaintiff of the dangers of poisoning or injury which were incident to handling wet creosote solution with his hands, and permitting it to come in contact with his face and hands; that plaintiff was permanently injured as a proximate result of the poisoned condition produced by the solution, and that this injury was the proximate result of the negligence of the defendant.

The Honorable Court of Civil Appeals finds that the facts are sufficient to support the conclusion of the jury, except, as it says: "Assuming that creosote is a poison and so recognized by the chemists or the medical world, but as noted by them, all known effects of such poison when applied to the skin is a burning sensation compared to a sunburn, and never known to the profession or treated by standard authorities as producing constitutional disorders, or systemic poisoning, whether an employer would be charged with negligence in failing to warn of such danger when it did not know and could not know that a constitutional disorder would result from such a use; in other words, was such an injury incidental to the wrong done and was it such as may have reasonably been supposed to have entered into the contemplation of the appellant. . . . The fact that appellee's condition is a serious one, it will not necessarily follow that the hands burned by creosote produced it, though the opinion of the two doctors may have warranted the jury in finding as a fact it did. The evidence is lacking to show that such injury could, or would reasonably have been anticipated and that appellant did know or should have known thereof, and therefore in order to prevent it have warned appellee of such danger."

For a more extended statement of the pleadings, evidence, and discussion of the Court of Civil Appeals, see 173 S. W., 250.

### OPINION.

Plaintiff in error complains of the holding by the Court of Civil Appeals that defendant in error was not liable for the constitutional

and permanent injuries sustained by him, because it did not, and could not, anticipate that the failure to warn him would naturally result in the permanent injuries to the extent shown by the evidence. He also complains of the holding that the evidence was not sufficient to show that defendant in error had notice, or by the exercise of ordinary care would have known, of the extent of the injury produced by the poisoning of the creosote ties.

As we interpret the opinion of the Court of Civil Appeals, it holds that there is no evidence supporting the contention that the negligence of the defendant, as found by the jury, was the proximate cause of the permanent injuries. We further understand the holding to be that, though the permanent injuries may be the natural consequence of the negligence, responsibility therefor can not be chargeable against the defendant, without showing anticipation of such permanent injuries to exist at the time of the negligence.

We are thus brought face to face with the question of whether or not, when permanent injuries result from negligence, the wrongdoer is chargeable with all the consequences that naturally and proximately flow from such negligence. Also with the question as to whether or not there is any evidence to support the finding of the jury that the permanent injuries to plaintiff were the natural and proximate result of defendant's negligence.

We believe that the correct rule for determining negligence is, that, where there is reason to anticipate, from the character of the services required, and the manner of their performance, some injury may result to the servant, the duty is incumbent to exercise such care demanded by the relationship as will prevent the injury, and the failure so to do becomes actionable in the event injury follows the breach of duty. We are not willing to subscribe to the rule that requires the master to anticipate all ensuing results which flow from the breach, before duty arises to exercise care to prevent the consequences. Anticipation is applied in the determination of negligence *vel non.* If no injury may be anticipated, no duty is breached by a failure to exercise care; but, if anticipated injury may result, then the duty arises. Negligence rests primarily upon two elements; first, reason to anticipate injury; and, second, failure to perform the duty arising on account of that anticipation. Negligence may exist abstractly; but to render it actionable, it must be concretely incorporated into some injury.

In the Kieff case [Galveston, H. & S. A. Ry. Co. v. Kieff], 94 Texas, 334, Judge Brown says: "The negligence which results in actionable wrong is the failure to discharge a duty owed to the party injured. It is a duty incumbent upon all men to use ordinary care so to act as not to injure others. The duty arises when there is reason to anticipate danger." (Ebersole v. Sapp, 208 S. W., 156.)

In Heiting v. Chicago, R. I. & P. Ry. Co., 252 Ill., 455, Ann. Cases, 1912D, 451, 96 N. E., 842, it is held that: "It is not however essen-

tial to make a negligent act the proximate cause of an injury, that the particular injurious consequences and the precise manner of their infliction could reasonably have been foreseen. If the consequences follow in an unbroken sequence from the wrong to the injury without any intervening efficient cause, it is sufficient that, if at the time of the negligence, the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result from the negligence.''

Anticipation of injury as applied in the determination of negligence and proximate cause should not be confused. The former is an element of negligence, while the latter is used to denote the relative position of cause to effect in ascertaining whether cause is so related to effect as to bring negligence in union with the result rendering liable a negligent actor for certain consequences. Whether a result can be chargeable to a certain dominant cause, is determined by ascertaining whether the result flows naturally, without lapse, from the cause; although there may be intervening ancillary or subsidiary causes which contribute to the injury. Proximate cause incorporates in it such anticipation of results as ought, from the circumstances, to have been foreseen as the natural consequences flowing from a negligent act.

In Houston & T. C. Ry. Co. v. Leslie, 57 Texas, 83, our Supreme Court says: ''The liability of the defendant is measured by the fact that the injury received follows proximately from the culpable act complained of, and if erysipelas sprang from the injury, the dangers from that disease as well as the suffering produced by it constitute a portion of the injury itself, and it is none the less so because under similar accidents producing fractures that disease would not ordinarily ensue.''

Judge Brown, in Galveston, H. & S. A. Ry. Co. v. Powers, 101 Texas, 161, 105 S. W., 491, says: ''The Railway Company being liable for the infliction of the injury on the party, would be liable for all the consequences flowing from that injury, including such as a jury might say from the evidence presented to them would with reasonable probability occur at some future time.''

In Gulf, C. & S. F. Ry. Co. v. Smith, 148 S. W., 820, it is said that: ''It is not necessary that the precise injury should have been anticipated but that some injury might follow from the act of negligence. 'The injuries, proximate and natural consequences of an act of negligence, are always deemed to be foreseen.' ''

Where some injury has resulted, chargeable to negligence, later followed by serious consequences, to ascertain whether these consequences proximately flow from the negligence, it is always necessary to look back down the line for causation; and if the consequences naturally flow from the negligence, without the intervention of any independent cause, such consequences ought to have been foreseen, and are chargeable to the original negligent act. Or, on the other

hand, if the negligent act produces an injury, and looking down the line to the future it can be ascertained that other and more serious injuries will naturally flow from the negligence, without any intervening independent cause, these consequences are probable, and ought to be foreseen, and are chargeable to the negligence. We cite further on this question. the Bellar case [Texas & N. O. Ry. Co. v. Bellar] 51 Texas Civ. App., 154, 112 S. W., 323; the Peterson case [Bering Mfg. Co. v. Peterson] 28 Texas Civ. App., 194, 67 S. W., 133; Billman v. Indianapolis, C. & L. R. Co., 76 Ind., 166, 40 Am. Rep., 230; Cowan v. Western U. Tel. Co., 122 Iowa, 379, 64 L. R. A., 541, 101 Am. St., 268, 98 N. W., 281; Sorenson v. Northern Pac. R. Co., 36 Fed., 166; Terre Haute & S. R. Co. v. Buck, Administratrix, 96 Ind., 346, 49 Am. Rep., 168.

The defendant in error relies upon the Bigham case [Texas & P. Ry. Co. v. Bigham] 90 Texas, 223, 38 S. W., 162, and the Welch case [Missouri, K. & T. Ry. Co. v. Welch] 100 Texas, 118, 94 S. W., 333, as sustaining its proposition that plaintiff can have no recovery for the permanent injuries sustained, because they could not be foreseen.

It is believed that when properly understood, the Bigham case is in consonance with the position which we take. In that case it is held, as we interpret it, that the Railway Company was not liable for the injuries to Bigham, because, in the negligent act, anticipation of injury to a person did not exist. The Court in that case held that Bigham's injury was chargeable to an independent cause, which independent cause was not in anticipation of defendant. As we understand the application of the rule there announced, it is, that where an independent cause follows a negligent act, in order to con-nect the subsequent result with the original cause, such independent cause producing the result should have been anticipated by the original wrongdoer. We do not understand that case as militating against the doctrine that where anticipation of injury arises, or is chargeable to an actor, he will be responsible for all of the conse-quences which naturally and proximately flow from that wrong. The Court in that case, in our opinion, uses anticipation or foresee, not as applying to the injury sustained by Bigham as such, but as applicable to the intervening independent cause producing that in-jury, that is: since the cause producing the injury is an independent one, the result of that cause is independent of the original negligence, and does not arise proximately from it. The same may be said with reference to the holding in the Welch case. The view here given with reference to the Bigham case is believed to be sustained by reference to the Kellogg case [Milwaukee & St. P. Ry. Co. v. Kellogg] 94 U. S., 469, 24 Law Ed., 259, cited in support of the holding in the Bigham case, wherein it is said: "The question al-ways is: was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts con-

stitute ·a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the light of the attending circumstances.''

Whether or not the permanent injuries suffered by plaintiff were the natural and proximate result of defendant's original negligence, was a question of fact to be determined by the jury. The Powers case, *supra*; City of Galveston v. Posnainsky, 62 Texas, 118, 50 Am. Rep., 517; Seckinger v. Philebert & Johanning Mfg. Co., 129 Mo., 590, 31 S. W., 957; Weiting v. Town of Millston, 77 Wis., 523, 46 N. W., 879; Baltimore C. P. Ry. Co. v. Kemp, 61 Md., 618, 48 Am. Rep. 134.

In the instant case, defendant's negligence caused anticipated injury. The testimony is conflicting as to whether the permanent injuries flowed from that negligence naturally and were the proximate consequences of same. There is evidence in the record requiring the submission of this question to the jury, and upon which it was authorized to find that issue for the plaintiff.

In view of the disposition to be recommended in this case, we have considered the other assignments of error presented by appellant, and find therein no error calling for a reversal of the judgment of the lower court. The paragraph of the Court's main charge to which exception is leveled is cured by the special charges given at the request of the defendant.

We are, therefore, of the opinion that the judgment of the Court of Civil Appeals should be reversed, and the judgment of the trial court affirmed.

### BY SUPREME COURT.

The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

#### ON MOTION FOR REHEARING.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The Railway Company's motion for rehearing is overruled. Whether the injuries of the plaintiff were proximately caused by the Railway Company's negligence, was a question of fact and for the jury's decision. The holding of the Commission of Appeals on the question, as reflected in its opinion, is in our view correct.

The Railway Company presented a number of assignments in the Court of Civil Appeals, but that court disposed of the appeal

on only one of them. Its decision made consideration of the other assignments unnecessary. A number of those assignments present questions of which the jurisdiction of the Court of Civil Appeals is final. The Railway Company is entitled to have those assignments determined. Instead, therefore, of affirming the judgment of the District Court, as was done on the original report of the Commission of Appeals, the cause will be remanded to the Court of Civil Appeals for the determination of those assignments.

*Reversed and remanded to Court of Civil Appeals.*