## ENGLISH et al. v. TERRY.
### No. 1480.

Court of Civil Appeals of Texas. Eastland.
June 28, 1935.

Rehearing Denied Sept. 20, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

FUNDERBURK, Justice.

By judgment of the court below, Roy G. Terry, as plaintiff, was awarded a recovery of damages in the sum of $9,848.-65, against the defendants Jeff T. English and R. H. Crim. The damages were for injuries to the plaintiff, his wife, and a Ford car resulting from a collision between the Ford automobile and a Red Ball motortruck owned by the defendants and at the time being driven by an employee. Many different grounds of negligence were alleged by the plaintiff. The defendants pleaded a number of different grounds of contributory negligence. Defendants also pleaded unavoidable accident, and that the collision resulted from a new and independent cause. All issues submitted to the jury were answered in favor of the plaintiff, except these: (1) "Do you find from a preponderance of the evidence that just prior to the collision a gasoline truck attempted to go around the car in which plaintiff was riding and blocked the north side of the highway?" This was answered "Yes." (2) "Do you find from a preponderance of the evidence that such action, if any, of the gasoline truck driver in blocking the north side of the highway, if you have found that he did, was a new and independent cause of plaintiff's injuries, if any?" This was answered "Yes."

(3) "Do you find from a preponderance of the evidence that the plaintiff failed to slow his car down when he saw that defendants' truck was going to the left side of the road?" The answer was "Yes." (4) "Do you find from a preponderance of the evidence that just prior to the collision plaintiff failed to apply his brakes and bring his car to a stop?" This was answered "Yes." The findings upon the last two issues were deemed ineffective· because of further findings, as to each, that such was not contributory negligence.

The undisputed evidence shows that about 8 o'clock on a foggy morning in the month of February, the accident in question occurred on the east west paved highway between Forney and Terrell, about three miles east of Forney. Plaintiff, his wife and child were in a Ford car going east. There was a gasoline truck behind him, going the same way. The defendants' truck, with a large trailer, was going west. Just about the time the gasoline truck behind plaintiff's car pulled to the left, or the north side of the road to pass the plaintiff, the defendants' truck at the time on the north side of the highway suddenly swerved to its left and turned back to the east, leaving the trailer standing almost directly across the south part of the highway, and extending something like two feet over the middle line to the north, the pavement being 18 feet wide. Plaintiff's car was, by the impact of the collision, jammed under the trailer. Plaintiff, his wife, and his car received injuries not necessary further to describe.

The first ground urged for a reversal of the judgment is that the findings of the jury on the above issues relating to a new and independent cause were in such conflict with findings upon other issues relating to various proximate causes of the injuries, as to be mutually destructive, the one of the others, and therefore insufficient to support a judgment for either party. The jury, by its verdict, found that many acts and omissions of the defendants each constituted negligence, and was a proximate cause of ▸the injuries. Certain of these findings were: (1) That "immediately before said collision plaintiff Roy G. Terry and his wife and daughter, occupying his said automobile, were in a position of peril." (2) That defendants' truck driver "realized that they were then in a position of peril in time so that by the exercise of ordinary care in the use of all the means at hand, consistent

with safety to himself, he could have avoided colliding with plaintiff's automobile." (3) That said driver, "after he saw and realized that plaintiff was in a position of peril * * * failed to exercise ordinary care to use all the means at hand consistent with his own safety to avoid colliding with the plaintiff's automobile." (4) That "such failure * * * was a proximate cause of the collision in question." In connection with the special issues, the following definitions of "proximate· cause" and of "new and independent cause" were given. "By the term 'proximate cause,' as used in this charge is meant that cause which in its natural and continuous sequence, unbroken by any new and independent cause produces a result that would not have occurred but for such cause, and which said result, or some like result, could reasonably have been foreseen or anticipated in the light of attending circumstances."

"By the term 'new and independent cause,' as used in this charge, is meant a cause over which the parties (that is, a party whose negligence, if any, you are in any particular issue about to say was or was not, a proximate cause) had no control and (a) which acts alone to bring about the result complained of; or (b) which concurs in such alleged negligence, if any, and which so aids in bringing about such result that without such aid, the result would not have been produced; but in this latter event such concurring cause, if any, so aiding, in order to be a new and independent cause must be such that a person of ordinary prudence would not have reasonably foreseen the same in the light of attending circumstances."

We see no escape from the conclusion that the findings of the jury upon the several issues of proximate cause were in such conflict with the finding that the injuries resulted from a new and independent cause as to leave no support for any judgment on the merits of the case. The jury found, as already said, that various acts and omissions of the defendant each constituted negligence, and that each such act or omission was a proximate cause of the injuries. The jury, therefore, found, in the language of the definition of "proximate cause" as given them, that each such negligent act or omission was a cause "which in its natural and continuous sequence, *unbroken by any new and independent cause*" (italics ours) produced "a result [i. e., the injuries in question] that

would not have occurred but for such cause, and which said result, or some like result, could reasonably have been foreseen or anticipated in the light of attending circumstances." Then the jury found that "just prior to the collision a gasoline truck attempted to go around the car in which plaintiff was riding and blocked the north side of the highway," and that that was a new and independent cause of plaintiff's injuries. Or, in the language of the definition of "new and independent cause" given them, the jury thus found that such attempt of a third party to go around the plaintiff thereby blocking the highway was a cause over which the parties had no control, and which either acted "alone to bring about the result complained of, or was such that a person of ordinary prudence would not have reasonably foreseen * * * in the light of attending circumstances." The definition of "new and independent cause" not complained of as incorrect was in accord with the opinion in Collins v. Pecos & North Texas Ry. Co., 110 Tex. 577, 212 S. W. 477, 479, 222 S. W. 156, wherein it was said: "where an independent cause follows a negligent act, in order to connect the subsequent result with the original cause, such independent cause producing the result should have been anticipated by the original wrongdoer." The court in the same opinion construed the holding in the leading case of Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, as follows: "The court [in the Bigham Case] in our opinion, uses 'anticipation' or 'foresee,' not as applying to the injury sustained by Bigham as such, but as applicable to the intervening independent cause producing that injury; that is, since the cause producing the injury is an independent one, the result of that cause is independent of the original negligence, and does not arise proximately from it."

Among the many uncertainties regarding the law of negligence, there is not properly to be included, we think, the proposition that, as a matter of law, a new and independent cause, when found to exist, renders other causes of an injury too remote to be a proximate cause thereof, and therefore unavailable as a basis of liability. The findings of the jury that the several negligent acts or omissions of the defendants were each a proximate cause of the injuries within the definition given of "proximate cause" are in irreconcilable conflict with the finding that an act of a third party was a new and independent cause within the definitions both of "proximate cause" and of "new and independent cause." By the definitions of the two terms "proximate cause" and "new and independent cause" they are mutually exclusive of each other.

The validity of this conclusion is in no way affected, we think, by the fact that an issue of discovered peril was found against the defendants. That, too, was found to be a proximate cause of the injury, which was a finding just as clearly in conflict with the finding upon the issue of new and independent cause as any of the other grounds of negligence. Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220.

The same conflict exists between the findings of a new and independent cause and of unavoidable accident. No point is made of this conflict, but the error is fundamental, assuming, as we must, that the evidence raised both issues. The court defined "unavoidable accident" as "an occurrence which happens without negligence on the part of either plaintiff or, on the part of the defendants, or their agent, servant and employee operating the truck involved in this case." In finding that the injuries resulted from a new and independent cause consisting of the act of a third person in blocking defendants' way upon the road, the jury necessarily found, as we have already seen, that such act was either the sole cause of the injuries, or it was such a cause as could not reasonably have been foreseen by the defendants. Under any theory, it was necessarily a finding that the injuries resulted from a cause other than the negligence of either the defendants or the plaintiff. That finding was necessarily in conflict with their further finding that "the collision was not an unavoidable accident," for, by the latter, there was excluded all causes other than negligence of the plaintiff or defendants.

We are impressed with appellants' contention that in submitting the issue of discovered peril there should have been included the element of plaintiff's unconsciousness of, or inability to avert, the peril. We find it unnecessary, however, definitely to determine this question, since it is our conclusion upon another question presented that there was no evidence raising any issue of discovered peril. The undisputed evidence, and the evidence of

plaintiff and his wife, is such as to compel the conclusion that if plaintiff was not himself guilty of contributory negligence, as a matter of law, it was only so because of such an emergency as precludes any question of defendants' negligence based upon a breach of duty, arising by reason of discovered peril. We think that no reasonable interpretation of the evidence would justify a finding that, excluding all questions of the defendants' negligence and of plaintiff's contributory negligence, the defendants could any more have averted the collision than the plaintiff could have done, or were under any greater duty to do so.

■ The regular trial judge of the court in which this case was tried by another judge, upon impaneling the jury for the week, gave the jury certain instructions. The jurors were told that some juries go out and talk about how much the lawyer is going to get out of the verdict; that, of course, it was none of the jury's business, and in the same connection it was stated: "Of course, the lawyers do get a part of it, but you are not supposed to consider that when you go to make up your verdict. If the parties want to give the attorney a part of what they get, that is not for you to consider." The judge also instructed the jurors that it was reversible error for each of them to put down what he thought the plaintiff should have and then divide by twelve. He also told them that after the trial of the case the losing attorneys would be running to them to find out what was discussed in the jury room, and that they did not have to tell anybody what happened in the jury room, and that if he, the judge, were in a similar situation he would tell such attorneys that it was none of their business what went on in the jury room. He told them, however, that they could do as they pleased about it. It is earnestly insisted that the parts of this lecture to the jury as detailed above, in the absence of the attorneys for the defendants, was prejudicial, and the court erred in refusing to grant a new trial because thereof. While we are not prepared to indorse all that was said by the judge, it seems to us that most of it was salutary and proper. We are of the opinion that any objectionable feature was not under all the circumstances reasonably calculated to prejudice the rights of the appellants. We do not regard the instructions in question as violating the rule that, in a case submitted upon special issues, charges or instructions are not to be given. The instructions prohibited are "upon the law of the case." The instructions here complained of were admonitory, the distinction between which and prohibited charges or instructions we had occasion to discuss in Standard v. Texas Pacific Coal & Oil Co., 47 S.W.(2d) 443.

It is believed that the other questions raised by the appellants are not of sufficient importance, or that it is sufficiently probable they will arise upon a new trial, as to require discussion.

■ In view of another trial, we deem it not amiss to observe that plaintiff in his petition undertook to allege, not alternatively or in separate counts, so many different acts and omissions as negligence, and that each was a proximate cause of the injuries, as to bring some in conflict with others. We have noted seemingly a growing tendency in negligence cases for the plaintiff to specify so many and detailed separate and independent grounds of negligence, and for defendants, likewise, to allege so many separate and distinct grounds of contributory negligence, that quite often it appears in the very face of the pleadings that if a particular act or omission is a proximate cause of the injury, another act or omission also alleged to be a proximate cause could not be. In such cases the allegations nullify each other, just as certainly as the findings of the jury in this case, as above discussed, have nullified each other. For instance, in this case it was alleged that the defendants were negligent in that the brakes on the motortruck were defective and out of repair, in that they were insufficient and inadequate *to control the movements of said truck,* and that same was a proximate cause of the injuries. It is quite plain that if that ground of negligence was the proximate cause of the injuries, then there was no independent ground of negligence, as was also alleged in driving the truck on the left-hand side of the road. An act or omission impossible to be avoided could not be, in itself, negligence proximately causing an injury. Manifestly, there could be no duty to avoid the impossible. Of the seventeen independent grounds of negligence alleged by the plaintiff, each also alleged to be a proximate cause of the injuries, there are several, it seems to us, subject to this fault, which would, upon contest, seriously imperil any judgment

that might be rendered. Plaintiff, of course, may allege as many different grounds of negligence as he desires. When, however, an act or omission is alleged as a complete and independent ground of negligence and as a proximate cause of an injury, which, if true, some other act or omission alleged as an independent ground of negligence, and a proximate cause, could not be both negligence and a proximate cause, then these different grounds should be alleged either alternatively, or in separate counts.

Because of the errors discussed, it is our opinion that the judgment of the court below must be reversed, and the cause remanded, which is accordingly so ordered.