**George MASSO, Appellant,**

v.

**W. W. STANSBURY, Appellee.**

**No. 7567.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 31, 1966.

Rehearing Denied March 7, 1966.

Witherspoon, Aikin, Thomas & Langley, Hereford, for appellant.

Cowsert & Bybee, Hereford, for appellee.

NORTHCUTT, Justice.

Appellee, W. W. Stansbury, instituted suit on behalf of his wife, Willie Bell Stansbury, as plaintiff against George Masso, who was the defendant in the trial court, and appellant herein, for damages allegedly suffered by his wife incurred in a fall from a step ladder on appellant's premises while she was employed by appellant. The appellant was a non-subscriber under the Texas Workmen's Compensation Act and the case was tried before a jury. Special issues were submitted on the issues of appellant's negligence to the jury over the objections of appellant. The jury verdict was in favor of the appellee. The appellant filed his motion for a new trial alleging that the trial court had erred in submitting certain issues over appellant's objections and also set forth other errors that appellant contended the trial court had committed and also certain misconduct on the part of the jury. The appellant's motion was overruled and from that order appellant perfected this appeal.

Appellant's first five points of error concern the alleged errors in submitting Special Issue 3 and the charge in connection therewith. Special Issue 3 was as follows: "Do you find from a preponderance of the evidence that on the occasion in question the defendant failed to provide plaintiff's wife, Willie Bell Stansbury, with a reasonably safe place in which to work?" As part of the charge in connection with said special issue the court gave the following: "You are further instructed that a safe ladder furnished by defendant to plaintiff's wife for use by plaintiff's wife in her work is 'place in which to work' within the meaning of the foregoing instruction."

It being the contention of appellant the court erred in submitting the issue and the special instruction in connection therewith in that the same was not raised by the pleadings nor supported by the evidence; that the same was not an ultimate issue of fact under the record of the evidence; that the special instructions in connection therewith amounted to a general charge; that said special instruction in connection therewith erroneously stated the law and amounted to a comment on the evidence and that the specific acts of negligence as alleged in the pleadings should have been submitted as an issue rather than the general charge. In appellant's objections to the court's charge and also in his motion for new trial he urged that the said Issue 3 was duplicitous, multifarious and urged several other objections to the submission of the issue.

In the case of Kennedy v. Wheeler, Tex.Civ.App., 268 S.W. 516 (writ dismissed) the trial court submitted the following issue: "Under the facts and circumstances of this case, did defendant furnish plaintiff reasonably safe machinery with which to operate the Butterfly?" The court there held it was error to submit the case on that issue but should have submitted separately and distinctly the issues raised by the pleadings and proof. There is no evidence that the ladder here in question furnished was in any manner defective. Mrs. Stansbury testified that the ladder was so constructed that if properly set up it would lock and was safe. None of the alleged acts constituting the place where Mrs. Stansbury was working as being an unsafe place to work were submitted to the jury. The way the issue was asked it assumed that all of the allegations as pleaded constituting it an unsafe place to work were true. The issue didn't limit the jury to any particular act or condition making it an unsafe place to work. We think that Issue 3 in the manner it was submitted was improper in that it did not limit the jury to any particular items pleaded making the storeroom an unsafe place to work. Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651; S. H. Kress & Co. v. Jennings, Tex.Civ.App., 64

S.W.2d 1074 (writ dismissed); Fort Worth & D. C. Ry. Co. v. Morrow, Tex.Civ.App., 235 S.W. 664 (writ ref.); Housing Authority of City of Dallas v. Hubbell, Tex.Civ. App., 325 S.W.2d 880 (N.R.E.)

We think the objections made by the defendant to Special Issue 3 in the court's charge and also in his motion for new trial were sufficient to call the court's attention to the defects in his special issue. Schoenberg v. Forrest, Tex.Civ.App. 228 S.W.2d 556 (N.R.E.). We think the court erred in asking if defendant failed to provide the plaintiff with reasonably safe place in which to work instead of asking about the specific acts of negligence as alleged.

Appellant presents several points of error to the court's submission of Special Issues 6 and 7. Special Issue 6 is as follows: "Do you find from a preponderance of the evidence that at the time of and on the occasion in question the defendant did not furnish plaintiff's wife, Willie Bell Stansbury, with an assistant?" Then Issue 7 asks if such failure to furnish an assistant was negligence. In connection with Issue 7 the court gave the following charge: "You are instructed that an employer has a duty to use ordinary care to see that there are sufficient employees present at a particular place of work to insure the safety of all engaged in the labor." Appellant's points of error as to the submission of Issue 6 contend the issue was not raised by the evidence; that the same was not an ultimate issue of fact under the evidence; that it amounted to a general charge and under the admission of plaintiff's wife, an assistant was furnished.

■ Mrs. Stansbury testified there were four of them working in the store the day she was injured and that they worked as sales clerks and put up merchandise and things like that and when she came to work on the day that she was hurt that the defendant told her to put away the layaways and work in the layaway section and to get them straight and in alphabetical or-

der. She further testified that all of the clerks worked in the layaway department and that she had worked in the layaway department *lots* of times. (Emphasis ours.) All of the clerks took turns in working the layaway department and would move the layaways back there. When Mrs. Stansbury went back to work in the layaway department she did not move any of the *stuff* (Emphasis ours) that was on the floor because that was where they put it when they moved it. She did not ask anyone there to help her nor report the condition to Mr. Masso. Mrs. Stansbury was doing the same character of work that she and all other employees in the store constantly and generally did. We are unable to see any evidence in this case that might call to the attention of the defendant that an assistant was necessary to help Mrs. Stansbury in carrying out her work and think the court erred in submitting Issue 6 and then giving in connection with the Issue 7 the charge given as to negligence would constitute a general charge.

It is stated in Great Atlantic & Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W.2d 249 at 251 as follows:

"The standard to test the question of negligence vel non is the common experience of mankind, and implies generally the want of that care and diligence which ordinarily prudent men would use to prevent injury under the circumstances of the particular case. Southern Cotton Press & Mfg. Co. v. Bradley, 52 Tex. 587; International & G. N. Ry. Co. v. Gray, 65 Tex. 32.

"The question of the existence of negligence and its degree generally depend upon the facts of each case; and if it consists of an omission to perform a duty devolved upon the person charged with negligence, it must be considered with reference to the character of the business in which the person is engaged. San Antonio St. Ry. Co. v. Caillonette, 79 Tex. 341, 15 S.W. 390.

"Negligence rests primarily upon two elements: (a) reason to anticipate injury, and (b) failure to perform the duty arising on account of that anticipation. Collins v. Pecos & Northern Texas Ry. Co., 110 Tex. 577, 212 S.W. 477, 222 S.W. 156; Johnson v. Wichita Valley R. R. Co., Tex.Civ. App., 104 S.W.2d 128.

"Although injury may result from a person's act or omission, yet, if the actor could not have reasonably foreseen the resultant injury, or injuries, similar in character, he is not to be held responsible therefor. 30 Tex.Jur. p. 663, and authorities there cited; Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Union Stock Yards v. Peeler, Tex.Com.App., 37 S. W.2d 126.

"Measured by the above rules of law, we are convinced that the facts of this record fail, as a matter of law, to convict A. & P. of actionable negligence. Evans was a strong, robust young man. He was merely required to perform work that he had been doing for this same employer for several months before this occasion. He was doing the same character of work that other employees in other grocery stores constantly and generally did. He was doing the same character of work that he constantly and generally did in other grocery stores where he had been employed prior to his employment by A. & P. Certainly such a record cannot support a finding of actionable negligence. Evans cannot complain if A. & P. merely required him to do the usual and customary work required of persons in his line of employment, or, stated in another way, required by the character of the business in which he was employed. Finally, we think that the facts of this record fail, as a matter of law, to show that A. & P. ought to have foreseen that Evans would be injured by doing the character of work required of him in this instance."

See also Sears, Roebuck & Company v. Talley, 5 Cir., 239 F.2d 82.

We think and so hold the court under this record erred in giving Special Issues 6 and 7 with the charge therewith.

Since we are of the opinion this case must be reversed as hereinabove set out, we will not discuss other matters here involved as they may not arise in another trial.

Judgment of the trial court is reversed and remanded.