S. E. HINES v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 March, 1923.)

**1. Commerce—Railroads—Intrastate.**

The employment of rechecking baggage that had been transported into the State by a railroad company, to another station in the State upon its transfer to another line, is an intrastate transaction.

**2. Railroads—Negligence—Evidence—Nonsuit—Employer and Employee —Master and Servant.**

Where a railroad company has failed to furnish its employee a truck for the handling of baggage at its station, evidence that such failure had caused the employee to be ruptured by reason of his having to handle the trunks without it, is sufficient upon which to deny the defendant's motion as of nonsuit, and take the case to the jury.

**3. Same—Statutes—Contributory Negligence—Assumption of Risks.**

Where there is evidence that the employee of a railroad company, in intrastate commerce, was ruptured while handling heavy baggage at the station by the unaided use of his personal strength, when the company had promised to furnish him a truck proper for the service, the use of which would have avoided the injury, it is for the jury to determine whether the defendant was negligent in failing to supply the truck, or whether the plaintiff assumed the risk in attempting to lift the trunk, under the circumstances, or whether these were the proximate cause of the injury. C. S., 3468.

**4. Same—Burden of Proof.**

Contributory negligence does not bar the right of an employee of a railroad to recover damages for a personal injury alleged to have been negligently inflicted on him in an intrastate transaction, and where there is evidence of the latter's negligence, the burden is upon the defendant to show the contributory negligence on the plaintiff's part, and the assumption of risks, when relied upon, and a judgment as of nonsuit should be refused.

5. **Railroads — Negligence—Assumption of Risks—Evidence—Questions for Jury—Nonsuit—Trials.**

Where there is evidence tending to show that in intrastate shipments the plaintiff was injured while handling baggage for defendant railroad, caused by the failure of the defendant to furnish him a truck with which to safely do this work, and that plaintiff had previously called the want of this implement to the defendant's attention, and that it had failed to fulfill its promise in supplying it, the fact that the plaintiff continued to work, relying upon the defendant's promise, does not, as a matter of law, bar his right of recovery, the question being for the jury to determine whether the defendant continued in this employment under circumstances that were obviously dangerous, or he should have known or appreciated the danger in doing so.

6. **Railroads—Negligence—Evidence—Baggage—Checking—Personal Injury—Excess Weight—Questions for Jury—Nonsuit.**

Where a railroad company has a different system of checking for baggage exceeding 150 pounds in weight, and has negligently failed to furnish its employee with a truck with which to handle trunks safely, and he has been ruptured in handling or lifting a trunk, in intrastate movements, 100 pounds in excess, without indication by the check or otherwise that it was overweight, the failure of the defendant to have properly checked the trunk is some evidence of its negligence that will take the case to the jury upon the issue.

STACY, J., concurs in the result.

APPEAL by plaintiff from *Calvert, J.*, at August Term, 1922, of PITT.

This is an action by the plaintiff for injuries sustained by him in the course of his employment. The plaintiff was the agent of the defendant company at Oak City, N. C., on its line between Parmele and Weldon. His duties required him to sell tickets, receive and deliver freight, and handle baggage. In January, 1913, the plaintiff alleges and testified that in lifting a piece of baggage from the ground to the train he sustained a slight rupture, and immediately requested the defendant's superintendent to supply him with a baggage truck. The truck was not sent, and though the plaintiff repeatedly asked for the same, and was assured that it would be sent, it was not supplied.

In June, 1916, as the complaint alleges, and plaintiff testified, a piece of baggage was put off at Oak City and remained some hours. The baggage was checked with a plain check, nothing to indicate that it was of excessive weight. On the same afternoon when the train for Greenville was coming into the station, the owner of the baggage applied for a check to Greenville. The check was issued and the plaintiff immediately went to the train and attempted to put it on. The baggage was so heavy that when plaintiff lifted it, as he testified, it tore him loose in the lower part of the abdomen. He fell to the ground and was severely injured, from which injuries he has never recovered.

The baggage in question weighed 250 pounds, being 100 pounds overweight, and the plaintiff testified that there was no check on its arrival

there which showed it was excess baggage or he would not have attempted to lift it. On account of the injuries sustained, the plaintiff was compelled to go to a hospital for treatment, and by reason of his injuries he was obliged a short time thereafter to give up his job, and since that time has not been able to do any heavy work of any kind, and is advised that he may suffer from strangulated hernia at any moment.

The plaintiff was corroborated as to these circumstances by several witnesses. At the close of his testimony the court granted defendant's motion to nonsuit. The plaintiff excepted and appealed.

*S. J. Everett and Albion Dunn for plaintiff.*
*Skinner & Whedbee for defendant.*

CLARK, C. J. According to the allegations and the evidence, this was an intrastate transaction, the baggage of the passenger being checked from Oak City to Greenville, N. C. The evidence for the plaintiff on this motion to nonsuit must be taken in the light most favorable to him, and presents two causes of action: the negligent failure of defendant company to supply the plaintiff with the necessary equipment with which to perform the duties of his position, although he had asked for such equipment and been promised the same; and the negligent failure of the defendant company to indicate to the plaintiff that the baggage which had been brought by it from another point and delivered at Oak City was of excessive weight.

The evidence that the plaintiff had been injured by lifting a piece of baggage previously in 1913, and had complained to the superintendent, repeatedly asking for a truck, which the superintendent often promised to send but did not, was evidence of negligence sufficient to go to the jury. *Pigford v. R. R.,* 160 N. C., 93. That he continued in the line of his employment, expecting compliance with the promise to send the truck, did not bar him by reason of any alleged assumption of risk. C. S., 3466, 3468. As said in *Pigford's case, supra,* a servant is not required to leave the service or refuse to go on with the work unless the danger is obvious or he knows and appreciates the danger.

In this case there was no mark on the baggage indicating that it weighed over 150 pounds. The fact that the company in bringing the baggage from Norfolk to Oak City had made no such indication by checking or otherwise, was evidence of negligence. In *Cherry v. R. R.,* 174 N. C., 265, the plaintiff recovered the damages sustained in lifting a large cross-tie in the course of employment.

C. S., 3465, provides that "any servant or employee of any railroad company operating in this State who shall suffer injury" in the course of his employment . . . "by any defect in the machinery, ways, or appliances of the company shall be entitled to maintain his action"; and

in this case the plaintiff was entitled to have the jury determine whether the defendant company was negligent in failing to supply the truck; whether the plaintiff assumed the risk in attempting to lift the baggage; and whether these were the proximate causes of the injury. This being an intrastate matter, under C. S., 3467, the plaintiff was entitled to have his cause submitted to the jury, for, as therein provided, contributory negligence being no longer a bar to an action by an employee against the railroad for injuries sustained during his employment and the assumption of risk were for the jury, the burden of proof being upon the defendant.

The baggage was at the station, it was necessary to put it on the outgoing train, it was the plaintiff's duty in the course of his employment to put it on, and he had to do it without other means at hand than his own strength, the company having failed to furnish him with proper appliances. He had no warning that the baggage was excessive in weight.

As to the second ground of negligence alleged: The failure of the defendant company to indicate that the baggage complained of was of excessive weight, the testimony of the plaintiff was that the company issued a different kind of check for baggage over 150 pounds weight. This baggage having been brought there from Norfolk by the defendant company, the transfer of it to another line of the defendant and the checking of it from Oak City to Greenville was a part of the intrastate carriage, and our State statute applies.

From both points of view, *i. e.,* the failure to supply a truck for lifting baggage after notice to the superintendent of an injury previously sustained and the failure of the company to comply with its repeated promises to furnish such truck, and also by reason of this baggage being left at Oak City without any indication of its excessive weight, the evidence should have been properly submitted to a jury.

The burden of proof of the allegations of contributory negligence rests upon the defendant, *Sims v. Lindsay,* 122 N. C., 682, and numerous cases cited thereto in the Anno. Ed.

Assumption of risk is also a matter of defense analogous to contributory negligence to be passed upon by the jury who are to say whether the employee voluntarily assumed the risk; it is not enough to show merely that he worked on, knowing the danger. *Lloyd v. Hanes,* 126 N. C., 359, and numerous cases cited thereto in the Anno. Ed.; C. S., 3468.•

It is worthy of note that this injury occurred seven years ago. There should not be such delays in the courts.

The judgment of nonsuit must be

Reversed.

STACY, J., concurs in result.