W. O. CRISP v. HANOVER THREAD MILLS, INC.

(Filed 24 January, 1925.)

1. **Employer and Employee—Master and Servant—Negligence—Safe Place to Work—Sufficient Help—Vice Principal.**

   The principle requiring an employer to furnish his employee a reasonably safe place in which to perform his duties, under the circumstances thereof, applies also, in like manner, to his furnishing him reasonable help for his safety under conditions reasonably requiring it, and, this duty not being delegable, he is answerable in damages for an injury negligently caused to an employee by the acts of his vice principal in the failure to perform this duty.

2. **Same—Evidence—Nonsuit—Questions for Jury.**

   Evidence in this case tending to show that an employee at a yarn mill was injured or ruptured by being required by his boss, representing his employer, to work with insufficient help after he had notified him thereof, and who had failed to supply the help reasonably necessary, is *held* sufficient to take the issue to the jury, and deny a motion as of nonsuit thereon.

3. **Same—Assumption of Risks—Burden of Proof.**

   In order to defeat recovery in an action of an employee to recover damages for an injury caused by his continuing to work after he had knowledge of the danger therein, under the doctrine of assumption of risks, it must be made to appear that he continued to work under the circumstances when a man of reasonable prudence would not have done so, with the burden of this issue on defendant.

APPEAL by defendant from *McElroy, J.,* and a jury, at Spring Term, 1924, of CLAY.

*Anderson & Gray and R. L. Phillips for plaintiff.*
*Merrimon, Adams & Johnston for defendant.*

CLARKSON, J. The only question involved is whether, on all the evidence, taken, as in a case of nonsuit, most favorable to plaintiff, the court below should have granted a nonsuit at the close of plaintiff's evidence and at the close of all the evidence.

The plaintiff's contention was that the defendant furnished and required him to use a box for the purpose of carrying out spools from the thread machine which was too cumbrous and heavy for one man to lift and carry, and negligently failed to furnish him with a helper to do the work; that defendant knew the situation, and plaintiff informed the defendant's boss, Mr. Lyda, after he started carrying out the big box, that they were putting too much on him. He was ruptured and seriously injured in doing the work. When he first went to work they were emptying the spools in small boxes, 10 or 12 inches high. That after he had worked some time, Mr. Lyda, the boss of the mill, put him to carrying a box which was about 6 feet long and about 12 or 14 inches at the top and weighed 75 or 100 pounds. He got ruptured lifting that box. The evidence showed that there was no danger of hurt when two men were carrying the box. Plaintiff complained to the boss regarding this work. When he first went to work he was measuring up yarn. He worked there some three or four months, and was later required to remove the box. The box before mentioned was placed under the machinery, and operatives would drop empty spools in it when they had finished with them, and he was required to replace these empty spools in a bin made for that purpose.

"I had carried these boxes eight or ten nights. All except Mr. Allman helped me one or two nights. There were four or five boxes, and I carried them out once a night. I made four or five trips every night with these boxes that were just alike."

The record discloses no assignments of error as to the competency of the evidence in the court below. The charge of the court below is not in the record.

The only issues submitted to the jury, and the answers thereto, were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. What damage, if any, is plaintiff entitled to recover of defendant? Answer: '$1,000.' "

There are no exceptions to these issues, and no issues tendered by defendant.

*Judge M. H. Justice,* long years a Superior Court judge, a man of unusual common sense, in *Pigford v. R. R.,* 160 N. C., p. 96, charged the jury as follows: "Plaintiff suffered a rupture, which was progressive in its nature, and resulted in serious and permanent injury. After he was first hurt, Spradlin furnished the help asked for, and he then performed the work assigned to him. Three issues were submitted to the jury as to negligence, contributory negligence, and damages. There was nothing said in the answer, nor was there any issue,

as to assumption of risk. The court charged the jury as to the duty of defendant to provide for its employees reasonably safe means and sufficient help to perform his work, and that if it failed in this duty— the special act of negligence being the failure in furnishing necessary or adequate help—and this was the proximate cause of plaintiff's injury, they would answer the first issue 'Yes'; and that if plaintiff undertook to do the work, after Spradlin had failed, upon proper application, to give him help, and that a man of ordinary prudence would not have undertaken the performance of the task under the circumstances, or if plaintiff did not exercise ordinary care in the manner of doing the work, and either act of carelessness proximately caused the injury, they would answer the second issue 'Yes,' the burden as to the first issue being upon the plaintiff, and as to the second, upon the defendant. There was a verdict for plaintiff, and defendant appealed from the judgment thereon."

*Justice Walker,* in a well considered opinion in that case says: "The duty of defendant to supply help sufficient for the safe performance of the work allotted to the plaintiff is not questioned by the appellant, but it is contended that if it failed to do so, the plaintiff was guilty of such negligence in going on with the work, after the refusal to comply with his request, as bars his recovery, it being an act of contributory negligence on his part, which was the proximate cause of the injury to him. We cannot assent to this proposition, except in a qualified sense. The doctrine of assumption of risk is dependent upon the servant's knowledge of the dangers incident to his employment and the ordinary risks he is presumed to know. But extraordinary risks, created by the master's negligence, if he knows of them, will not defeat a recovery, should he remain in the service, unless the danger to which he is exposed thereby is so obvious and imminent that the servant cannot help seeing and understanding it fully, if he uses due care and precaution, and he fails, under the circumstances, to exercise that degree of care for his own safety which is characteristic of the ordinarily prudent man. 26 Cyc., 1196-1203. We consider the rule to have been settled by this Court in *Pressly v. Yarn Mills,* 138 N. C., 410, and subsequent decisions approving it. . . ." (p. 101). It is as much the duty of the master to exercise care in providing the servant with reasonably safe means and methods of work, such as proper assistance for performing his task, as it is to furnish him a safe place and proper tools and appliances. The one is just as much a primary, absolute, and nondelegable duty as the other. When he entrusts the control of his hands to another, he thereby appoints him in his own place, and is responsible for the proper exercise of the delegated authority, and liable for any abuse of it to the same extent as if he had been personally present and acting in

that behalf himself. This principle is well settled. *Shaw v. Mfg. Co.,* 146 N. C., 239; *Tanner v. Lumber Co.,* 140 N. C., 475; *Mason v. Machine Works,* 28 Fed. Rep., 228; *R. R. v. Herbert,* 116 U. S., 642; *Shives v. Cotton Mills,* 151 N. C., 290; *Pritchett v. R. R.,* 157 N. C., 88; *Holton v. Lumber Co.,* 152 N. C., 68." *Hines v. R. R.,* 185 N. C., 72.

In *Tull v. Kansas City So. R. Co.* (Mo.), 216 S. W., p. 572, a case similar to the case at bar, the Court said: "It is not enough that plaintiff has reason to believe that there was an insufficient number of men to do the work, and that his strength was not equal to the task. For if the danger or risk of doing the work was not such as to threaten immediate injury, and plaintiff by reason of the order of his foreman was led to believe that he could carry his part of the load by the use of care and caution, and he proceeded to do the work with the exercise of such care, he is not barred from recovery from the master for the injury received."

This Court, in *Medford v. Spinning Co.,* 188 N. C., p. 127, said: "It is true that, when the master's negligence is the proximate cause of the servant's injury, the injured servant shall not be barred of recovery by the mere fact that he works on in the presence of a known defect, even though he may be aware to some extent of the increased danger; but if the danger is obvious and so imminent that no man of ordinary prudence, acting with such prudence, would incur the risk which the conditions disclose, the servant's knowledge of such hazard would be treated as falling within the class of ordinary risks generally assumed by him in the prosecution of his work. This principle, clearly stated in *Hicks v. Mfg. Co.,* 139 N. C., 319, 327, has been approved in several subsequent decisions. *Jones v. Taylor,* 179 N. C., 293; *Howard v. Wright,* 173 N. C., 339; *Wright v. Thompson,* 171 N. C., 88; *Deligny v. Furniture Co.,* 170 N. C., 189, 203; *Pressly v. Yarn Mills,* 138 N. C., 410. Whether the danger of putting the belt in the pulley when the machinery was in motion was so obvious that a man of ordinary prudence would not have gone on with the work, was a question for the jury to determine upon all the evidence. *Pigford v. R. R.,* 160 N. C., 93; *Tate v. Mirror Co.,* 165 N. C., 273."

The presumption of law from the record is that the court below charged the law correctly bearing on the evidence as testified to by the witnesses on the trial. *Indemnity Co. v. Tanning Co.,* 187 N. C., 196; *In re Westfeldt,* 188 N. C., 705.

We think the evidence was sufficient to be submitted to the jury. In law there is

No error.