R. L. JARVIS v. ERWIN COTTON MILLS COMPANY.

(Filed 14 December, 1927.)

1. **Master and Servant—Employer and Employee—Sufficient Help—Non-delegable Duty.**

    The master is required, as a nondelegable duty, to furnish, in the
    exercise of reasonable care, his servant with sufficient help to perform
    the duties required of him.

2. **Same—Evidence—Nonsuit.**

    Where the master has given his servant, long experienced in the work,
    the right to call on other like employees readily accessible in sufficient
    numbers, to assist him in piling heavy loom beams in a cotton mill, and
    the evidence tends only to show that the servant selected the place and
    called upon his foreman to help in the work, who told him to call another,
    in compliance with which the servant called only one man to help him,
    and in piling the beams in the usual manner the servant was injured,
    alleged to have been caused by insufficient help, in his action against the
    master to recover damages for this injury: *Held*, the defendant's motion
    as of nonsuit should have been allowed, and the fact that theretofore the
    plaintiff had complained to his master of insufficient help does not vary
    the result.

CIVIL ACTION, before *Harding, J.*, at July Term, 1927, of DAVIDSON.

This was an action for damages instituted by the plaintiff, alleging
in substance that on or about 8 December, 1925, while in the employ of
the defendant, he was required to lift loom beams and stack them six
high. These beams weighed from 285 to 300 pounds. The height of the
stack was about four and one-half feet.

The evidence tended to show that plaintiff called another workman to
his assistance, and while they were attempting to place the last beam
on the stack that he was ruptured. Upon appropriate issues there was
a verdict for plaintiff and an award of damages in the sum of $4,000.

From judgment upon the verdict defendant appealed.

*Walser & Walser and Phillips & Bower for plaintiff.*

*Manly, Hendren & Womble, A. T. Grant and Raper & Raper for
defendant.*

JARVIS v. COTTON MILLS.

BROGDEN, J. What duty is imposed upon an employer with reference to the sufficiency of help furnished an employee? The general rule is that it is the duty of an employer of labor to exercise ordinary care in furnishing to an employee adequate help or assistance in the performance of the work required of such employee. This duty is primary and nondelegable and ranks in importance with the duty of an employer to exercise ordinary care in furnishing a safe place to work. The question has been considered by this Court in many decisions, notably the following: *Bryan v. R. R.,* 128 N. C., 387; *Shaw v. Mfg. Co.,* 146 N. C., 235; *Pigford v. R. R.,* 160 N. C., 93; *Brown v. Foundry Co.,* 170 N. C., 38; *Hollifield v. Tel. Co.,* 172 N. C., 714; *Cherry v. R. R.,* 174 N. C., 263; *Winborne v. Cooperage Co.,* 178 N. C., 88; *Strunks v. Payne,* 184 N. C., 582; *Hines v. R. R.,* 185 N. C., 72; *Crisp v. Thread Mills,* 189 N. C., 89; *Bradford v. English,* 190 N. C., 742; *Johnson v. R. R.,* 191 N. C., 75; *Barrett v. R. R.,* 192 N. C., 728; *Clinard v. Electric Co.,* 192 N. C., 736. These cases present a variety of circumstances. In some of them the sufficiency of help furnished is combined with a failure to furnish proper tools and appliances. In others the employee was inexperienced. In all of them, with few exceptions, there was a request by the employee for more help and the request was either denied or ignored.

The law in other jurisdictions discloses a divergence of judicial thought upon the question. Many of the pertinent decisions may be found in an annotation to *Tony Williams v. Ky. River Power Co.,* 200 S. W., 946, 10 A. L. R., 1396. The head-note to that case discloses that the Kentucky Court held: "An employee directed to carry plank cannot hold the employer liable for hernia caused by the work being beyond his strength, although when directed to do the work he protested that it was too heavy." Denial of recovery in this line of cases is usually based upon the theory that the employee assumed the risk, for the reason that the workman himself is the best judge of his own strength, or certainly as capable of judging his own strength as the employer.

An examination of our decisions upon the subject, however, will demonstrate that the rule of liability is much stricter in this jurisdiction, perhaps, than that recognized by the weight of authority in other states. In order to determine the merits of the controversy in the present case it is necessary to recur to the facts appearing in the record. The plaintiff operated a slashing machine. In the same room were seven other employees. It was a part of his duty to stack loom beams. These beams weighed from 285 to 300 pounds. The beams were stacked by laying two on the floor, two across, and two on top of these, making six in each stack. The completed stack was about four and one-half feet high. Plaintiff's narrative of his injury is as follows: "As I was bring-

ing the third beam out to roll it up on the other two Mr. Griffin (foreman) said: 'Do not lay it up there; put it up on the stack,' and I said, 'Can you help us?' and he said, 'No, get somebody else,' and I looked around to see who I could get, and I called Mr. Heller, and me and him picked up one off the floor and started with another to fill the space here inside, and I laid it up against the end of the beam and Mr. Heller stepped around and kinder lifted it up on top of this full stack, extended out here where I couldn't get any room, and threw it up, and I was standing up against it. I did not have any room to get in and Mr. Heller was on the other end. When putting them up I felt something tear in my side, and tore so I could not get up with the second loom beam; I put up the first one all right. . . . I asked him (foreman) to help me, and he said 'Get some one else,' and walked off. I looked around and all the fellows there were busy with machines, and Mr. Heller was working there, and I called him, and he came over there and helped me to lay them up."

In regard to the place in which the beams were stacked, plaintiff testified that another employee and himself "started the stack. He and I selected the place. . . . Click and I started the stack at which I got hurt." In regard to his experience in such work, plaintiff testified, "that he had worked twelve or fifteen years at the mill and had been stacking these beams in the same manner for eight years." The record shows the following in regard to this aspect of the case: "(Q.) You stacked them like they had been stacked for eight years? Yes, I have been stacking them in stacks. (Q.) Just like you did that day? Yes, I reckon it was like I did that day. I have worked in the slasher room altogether twenty years." In regard to the sufficiency of help in the room at the time plaintiff testified: "Any of the slasher machine men helped—any of them in the room there helped around the slasher machine—helped stack them. . . . I have helped stack the beams before. . . . At the time I undertook to put the loom beam on the stack there were seven men in the room, . . . other people in the room helped me at times; I had not been told to call a third man when I went to put on top beams; two did that when we could not get some one to help us; got a third man if somebody we could get. . . . I didn't ask any of the other men. Heller and I went there to put them up; cannot tell how many times two men have put up top pieces—lots of times. When the other fellows would be busy at machines, a couple of us would raise them up. I have been doing this for fifteen years."

Heller, the coemployee, who helped plaintiff stack the beams, testified for the defendant as follows: "The rule of the room about calling on each other for help is, they call a man for help, and when he is wanted you can get him—call on each other for help. That morning Jarvis did

not call on anybody at all to help him but me." The overseer of the room, testifying for the defendant, said: "If a man is called to help it is his duty to help."

The foregoing testimony, quoted from the record, discloses:

1. That the plaintiff was an experienced employee and had been stacking beams of like character and in an identical manner for at least eight years.

2. That there were presently available and subject to plaintiff's request five other men besides the foreman, and that it was the duty of these men to assist each other in stacking beams.

3. That the foreman did not instruct the plaintiff to proceed with the work, but as a matter of fact instructed him to get other help.

4. That the plaintiff himself chose such help as he thought was sufficient to enable him to lift the beams.

It is true that the plaintiff testified that he "complained several times before about getting more help; told them that the beams were too heavy for two men to handle them," but upon the morning of his injury the plaintiff asked the foreman to help him and the foreman told him "to get somebody else," and thereby plaintiff was instructed to get such help as he thought reasonably necessary.

Under these facts and circumstances we hold that, when an employer has provided for the use of an experienced employee, sufficient help then presently available, and subject to the request of such employee, the employer has discharged the obligation imposed upon him by law with respect to furnishing adequate assistance in discharging the work required of the employee. From the facts appearing in the record we therefore hold that the motion of nonsuit made by the defendant at the conclusion of the entire evidence should have been allowed.

Reversed.