### F. R. HEMPHILL v. STANDARD OIL COMPANY.

(Filed 12 June, 1929.)

1. **Master and Servant C c—In this case held, evidence of master's negligence in failing to furnish reasonable help held insufficient.**

    Upon evidence tending to show only that the defendant's driver of its truck was sent to defendant's filling station to load a heavy pump on the truck, and that usually there was sufficient help, but that on this occasion, without the knowledge of the employer, there was no help, and without using the available method of communicating the fact by telephone to the employer, the plaintiff assumed to load the pump without help: *Held,* the evidence is insufficient upon which the plaintiff could recover damages for the consequent injury upon the ground that the defendant had failed in its duty to supply sufficient help, and defendant's motion for judgment as of nonsuit should have been allowed.

2. **Master and Servant C b—Evidence of master's negligence in failing to provide sufficient heat in office where plaintiff was required to work held insufficient.**

    Where the plaintiff demands judgment for the defendant's failure to have properly heated a small office in which he was sometimes required to work at night, and the plaintiff had furnished an oil stove and oil to heat the office, and the defendant continued his employment without complaint to or knowledge of the employer of the insufficiency, the evidence is insufficient to sustain a verdict adverse to the defendant upon the issues of negligence, contributory negligence and assumption of risks, and defendant's motion as of nonsuit should have been allowed.

APPEAL by defendant from *Lyon, Emergency Judge,* at October Term, 1928, of BURKE. Reversed.

Action to recover damages for personal injuries alleged to have been sustained by plaintiff, while at work as an employee of defendant.

Plaintiff alleged in his complaint that the proximate cause of the injuries which he sustained was the failure and neglect of defendant (1) to furnish him necessary, proper and sufficient help and assistance to do and perform the work required of him, and (2) to provide for proper and sufficient heat in the office when plaintiff was required to work at night. These allegations were denied by defendant, who relied further upon its pleas that plaintiff had by his own negligence contributed to his injuries, if any, and that he had voluntarily assumed the risk of such injuries when he accepted employment by defendant.

Issues submitted to the jury were answered as follows:

1. Was the plaintiff, Ralph Hemphill, injured by the negligence of the defendant, Standard Oil Company, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff, Ralph Hemphill, by his own negligence, contribute to his injury, as alleged in the answer? Answer: No.

3. Did the plaintiff, Ralph Hemphill, voluntarily assume the risk as alleged in the answer? Answer: No.

4. What damages, if any, is the plaintiff, Ralph Hemphill, entitled to recover of the defendant, Standard Oil Company? Answer: $2,500.

From judgment in accordance with the verdict defendant appealed to the Supreme Court.

*Avery & Patton and John M. Mull for plaintiff.*
*S. J. Ervin and S. J. Ervin, Jr., for defendant.*

CONNOR, J. Upon consideration of the evidence offered at the trial of this action, as set out in the case on appeal, we are of the opinion that there was error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit, at the close of all the evidence. C. S., 567. There was no evidence tending to show that defendant was negligent as alleged in the complaint, but conceding that there was such evidence, all the evidence tends to show that plaintiff, by his own negligence, contributed to the injuries which he testified that he has sustained, and that plaintiff, when he accepted employment by defendant, assumed the risk of such injuries. Defendant's motion should have been allowed, and the action dismissed.

Plaintiff was employed by defendant as a truck-driver, and helper. He was about 20 years of age, and in good physical condition, at the time he was employed. On the occasion when he contends that he was

injured, plaintiff had been ordered and directed by his superior to take his truck to a filling station, near Hickory, N. C., and to bring from the filling station to Hickory, a pump, which he testified weighed between 800 and 1,000 pounds. When plaintiff arrived at the filling station there was no one there to load the pump on the truck, or to aid him to do so. There was usually a sufficient number of men, employees at the station, to load a pump such as plaintiff had been ordered and directed to bring on his truck to Hickory, whose duty it was to load, or help load the pump. Plaintiff had been instructed by his superior on previous occasions to call on these men for help.

When plaintiff arrived at the filling station, and found no one there to aid him, he waited for thirty minutes for help. There was telephone connection between the station and the office of plaintiff's superior, under whose orders he was acting. Plaintiff did not telephone to his superior, or otherwise inform him that there was no one at the station to help him load the pump on the truck. He undertook to load the pump alone and without assistance. He testified that as a result of his lifting the heavy pump, and loading it on the truck, he strained his back and neck. He did not suffer from his injuries until that night. He continued to work for defendant for several months, without complaint to his superior or to the defendant, and then voluntarily left the defendant's employment.

Some time in June, 1928, plaintiff was ordered and directed by defendant to go to Newton, N. C., as an assistant to defendant's agent at that place. While working for defendant at Newton from June to December, plaintiff was required to work in a small office, sometimes at night. During the winter defendant provided a small oil stove for heating this office. Oil and matches were provided by defendant. Plaintiff testified that the office was sometimes cold and that he suffered severe colds because the office was not sufficiently heated by the oil stove. There was no evidence that plaintiff at any time made complaint to defendant or to his superior that the office was not comfortable, or that the oil stove was not adequate for the purpose of heating the office on cold days and nights.

The principles which control the decision of the question presented by this appeal are stated and discussed by *Brogden, J.,* in *Jarvis v. Cotton Mills,* 194 N. C., 687, 140 S. E., 602. Upon the facts which all the evidence in this case tends to show, defendant is not liable to plaintiff, and the judgment must be

Reversed.