SEARS, ROEBUCK & COMPANY, Appellant,

v.

Kenneth TALLEY, Appellee.
No. 15960.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1956.

Rehearing Denied Jan. 10, 1957.

David M. Kendall, Jr., Pinkney Grissom, Thompson, Knight, Wright & Simmons, Dallas, Tex., for appellant.

Ben T. Warder, Jr., Thomas H. Hight, Carter, Gallagher, Jones & Magee, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

1. Briefly but fully summarized, this is the evidence:

Appellee, at the time of his asserted injury an employee of appellant, was, and had for some time prior thereto been, a driver of a local delivery truck on a rural route.

Each morning appellee and his helper, after reporting to work and picking up their truck, would load the merchandise they were to deliver. Appellee actually handled each item and knew both the size and weight of each. To a lesser extent this information was also known to appellant's supervisors who had a load sheet showing generally, but not specifically, the size and weight of the items loaded on each truck.

On the particular day in question, appellee was to, and did, deliver a 361 pound deep freeze unit to the home of a Mr. Stultz in Richardson, Texas.

After arriving, appellee was requested by the customer to place the deep freeze in the garage. Across the driveway there was a phone or light line about 10 to 12 feet high, and the truck having a pipe rack which was higher, appellee was of the opinion that the truck would strike the wire if he backed his truck up to the garage. Also, there was a vehicle parked in the driveway which required him to stop his truck about 25 yards from the garage.

The driveway was covered with loose gravel, and, because the patio and lawn

HUTCHESON, Chief Judge.

The suit was for personal injuries claimed to have been sustained by plaintiff while in the employ of the defendant, a non-subscriber under the Texas Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq.

The claim was that on November 23, 1952, while attempting to deliver a deep freeze, plaintiff, the driver of a local delivery truck, had received the injuries complained of as the proximate result of appellant's negligence in failing to supply him with proper and necessary mechanical appliances and sufficient help.

The defenses were a denial that defendant was in any respect negligent and an affirmative claim that the actions of the plaintiff himself were the sole proximate cause of his injuries.

The case was tried to a jury on evidence [1] which presented no conflict in the

along side it were rough, appellee concluded he could not use the dolly which appellant had furnished to him. These unusual and unanticipated circumstances, in his opinion, made it necessary to carry the freezer from the truck into the garage. The vehicle in the driveway made it necessary to cross both the patio and the lawn.

Without reporting these circumstances or asking help or instructions, appellee and his helper unloaded the freezer without accident from the back of the truck, and then proceeded to carry it toward the house. On the way the helper, who was carrying the light end, almost dropped it, throwing all the weight onto the appellee. Either Mr. Stultz or both Mr. Stultz and his son then helped carry the freezer the remaining distance. When they set the freezer down in the garage, appellee felt a pain in his right knee.

Appellee testified that he had been instructed by appellant to call for help when needed and whether or not help was required was left to the individual driver.

There was no evidence that two men were insufficient. On the contrary, the evidence was that it was, and had been the uniform custom and practice of the defendant to send two men out and no evidence was offered of any other practice by any others engaged in the delivery of such ice-boxes.

Indeed, both appellee and his assistant testified that two men would be sufficient

facts, and, at its conclusion, defendant moved for an instructed verdict on the ground that, upon the undisputed facts, there was no proof of negligence. This motion denied, there was a verdict for the plaintiff for $20,000, and, after a remittitur of $8000, a judgment for $12,000.

Appealing from the judgment, defendant is here insisting: that under the settled Texas rule, laid down in Great Atlantic & Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W.2d 249, and Western Union Telegraph Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977, and uniformly followed in the state, there is no legal basis for a finding that plaintiff's injuries were proximately caused by any negligence on defendant's part; and that its motion for an instructed verdict should have been granted. As subordinate grounds, it assigns as error that the court failed to give in charge to the jury defendant's special instructions: (1) that if it did not find that plaintiff's actions were not the sole proximate cause of the accident in question, it should find for defendant; and (2) that if the temporary inadequacy of help, if there was such, was unknown to defendant, it was not negligent in failing to supply additional help; and that the court, in its supplemental instructions erroneously directed the jury that it should not consider plaintiff's conduct but only that of defendant.

Because, for the reasons hereafter briefly stated, we are in no doubt that appellant's primary ground of error is well taken, we will not undertake to discuss the other grounds. In the excellent annotation in 36 A.L.R.(2) beginning at page 8, "Failure to furnish assistance to employee as affecting employer's liability for injury or death of

employee", the cases, federal and state, are marshalled and discussed in a thorough and workmanlike manner, and were it not for the fact that the Texas courts have spoken with precision and authority, we might find it difficult to reach, state, and apply with authority the principles controlling here.

The statement and application of those principles, however, in the Great Atlantic & Pacific and Western Union cases, supra, and the consistency with which they have been followed and applied [2] make it unnecessary for us to do more than to briefly state the principles and point to the undisputed facts here which require the conclusion that a verdict should have been directed.

In the Great Atlantic case, 142 Tex. at pages 4 and 5, 175 S.W.2d at page 251, the Supreme Court thus categorically sets them down and applies them:

"1. As generally defined by our courts, the term 'negligence' means the doing of that which a person of ordinary prudence would not have done under the same or similar circumstances, or the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances. 30 Tex.Jur., pp. 647, 648.

"2. The standard to test the question of negligence vel non is the common experience of mankind, and implies generally the want of that care and diligence which ordinarily prudent men would use to prevent injury under the circumstances of the particular case. Southern Cotton Press & Mfg. Co. v. Bradley, 52 Tex. 587; International & G. N. Ry. Co. v. Gray, 65 Tex. 32.

to load and unload a freezer of the type appellee was handling when injured. When he loaded the freezer involved in the accident, appellee said nothing about needing help to unload. In fact he testified, "It looked to me like we could have done it." To the question, "Now at the time you started to lift the freezer, did you have any reservation in your mind about the two of you, you and your helper, being

able to handle that job by yourselves?" Ans.: "No, sir, I didn't because we have handled them all the time."

2. August v. Texas & N. O. R. Co., Tex. Civ.App.1948, 265 S.W.2d 148; Jackson v. Marshall, Tex.Civ.App.1951, 243 S.W.2d 205; Shumake v. Great Atlantic & Pac. Tea Co., Tex.Civ.App.1953, 255 S.W.2d 949.

"3. The question of the existence of negligence and its degree generally depend upon the facts of each case; and if it consists of an omission to perform a duty developed upon the person charged with negligence, it must be considered with reference to the character of the business in which the person is engaged. San Antonio St. Ry. Co. v. Caillonette, 79 Tex. 341, 15 S.W. 390.

"4. Negligence rests primarily upon two elements: (a) reason to anticipate injury, and (b) failure to perform the duty arising on account of that anticipation. Collins v. Pecos & Northern Texas Ry. Co., 110 Tex. 577, 212 S.W. 477, 222 S.W. 156; Johnson v. Wichita Valley R. Co., Tex.Civ.App., 104 S.W.2d 128.

"5. Although injury may result from a person's act or omission, yet, if the actor could not have reasonably foreseen the resulting injury, or injuries, similar in character, he is not to be held responsible therefor. 30 Tex.Jur., p. 663, and authorities there cited; Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162; Union Stock Yards v. Peeler, Tex.Com.App., 37 S.W.2d 126.

"6. Measured by the above rules of law, we are convinced that the facts of this record fail, as a matter of law, to convict A. & P. of actionable negligence. Evans was a strong, robust young man. He was merely required to perform work that he had been doing for this same employer for several months before this occasion. He was doing the same character of work that other employees in other grocery stores constantly and generally did. He was doing the same character of work that he constantly and generally did in other grocery stores where he had been employed prior to his employment by A. & P. Certainly such a record cannot support a finding of actionable negligence.

Certainly Evans cannot complain if A. & P. merely require him to do the usual and customary work required of persons in his line of employment, or, stated in another way, required by the character of the business in which he was employed. Finally, we think that the facts of this record fail, as a matter of law, to show that A. & P. ought to have foreseen that Evans would be injured by doing the character of work required of him in this instance."

In the Western Union case, plaintiff had claimed that he should have had a man helping him in performing the work in which he was engaged when injured, and the jury had found that defendant had failed to exercise ordinary care in not furnishing such help. After stating the facts, which included testimony that the plaintiff was an experienced carpenter who had worked for defendant off and on for about four years, and that he and two other witnesses, who were not present when the accident occurred, had given their opinion that for the safety of plaintiff and those who had been nearby, another man should have been present, the Supreme Court, holding that the defendant's motion for peremptory instruction should have been granted, thus restated the applicable principles:

"The law imposes upon the employer the duty to exercise reasonable care in providing for an employee adequate help in the performance of work required of him. The duty is nondelegable and continuous, the rule being in principle the same as that requiring the employer to furnish his employee with safe instrumentalities and a safe place to work. Bonn v. Galveston, H. & S. A. Ry. Co., Tex.Civ.App., 82 S.W. 808; Galveston, H. & S. A. R. Co. v. Brown, Tex.Civ.App., 181 S.W. 238; Jarvis v. Erwin Cotton Mills Co., 194 N.C. 687, 140 S.E. 602; 39 C.J. pp. 523–525, Secs. 627–630; 35 Am. Jur., pp. 626–627, Sec. 197; Labatt's Master and Servant, 2nd Ed. Vol. 3, pp. 2912–2915, Sec. 1107.

"The text last cited, in addition to the statement of the general rule, contains on page 2914 the following: 'So far as the movements of servants may depend upon their own volition, and are not in any way affected by the control of a superior, it is clear that there can be no recovery on the theory that the number of servants was temporarily inadequate at the time and place where the injury was received, unless it is shown that such inadequacy was known, actually or constructively, to the master or his representative.' See also 35 Am.Jur., p. 626, Sec. 197.

"The employer is not liable when he has provided help and injury results from the act of the employee in voluntarily proceeding to do the work without assistance. The same is true when sufficient help is nearby and available and the employee does the work alone without seeking or asking for assistance. Hines v. Ross, Tex.Civ.App., 230 S.W. 1066; Melton v. Texas & N. O. Ry. Co., Tex.Civ.App., 254 S.W. 510; Jarvis v. Erwin Cotton Mills Co., 194 N.C. 687, 140 S.E. 602; 39 C.J. p. 525, Sec. 630. [146 Tex. 190, 204 S.W. 2d 978]"

After citing the Great Atlantic case with approval and setting out more fully the facts of the accident in the case under review, the court concludes thus:

"We find no evidence of negligent failure on the part of petitioner to provide help for respondent. A helper had been provided. There is no evidence of how long he helped respondent, or how long he had been away at the time of the accident, or where he was. He may have been temporarily absent. He may have been nearby and subject to call. Respondent's testimony shows that he made no effort to find the helper. He merely looked around and, seeing that neither the foreman nor the helper was there, voluntarily proceeded with the work, the removal of the plate, that he believed it was dangerous for him to do without help. Before he removed the plate respondent had been knocking off the sheet rock and taking down the studding, which he said was a job that one man could easily do. During that time a helper was not needed. There is nothing in the record to show that the employer or the employer's foreman knew or should have anticipated that respondent, immediately before the end of his day's work, would undertake alone a task that he could not safely perform without help, or that he would do so without seeking or asking for help. In our opinion there is no foundation in the evidence for a finding of negligence on the part of petitioner."

Other cases approving and applying these principles to different states of fact are set out in note 2, supra. No case from this state has been cited to, or found by, us which in any way departs from or modifies them.

The Loud case, Loud v. Sears, Roebuck & Co., Tex.Civ.App., 262 S.W.2d 548, which appellee cites as supporting his position, was an appeal from a summary judgment. In it the Court, in no manner undertaking to depart from or limit the Western Union decision, and devoting many pages to a discussion of the Texas rule approving use of summary judgment procedure in negligence cases only in exceptional cases, reversed the judgment for a full development of the facts in a trial on the merits.

For the error in not granting the motion for directed verdict and entering judgment for defendant, the judgment is reversed and here rendered.