**SEARS, ROEBUCK & COMPANY,**
Appellant,

v.

**Joe WEDGEWORTH, Appellee.**

**No. 16500.**

United States Court of Appeals
Fifth Circuit.

March 5, 1958.

Rehearing Denied April 14, 1958.

Pinkney Grissom, Dallas, Tex., David M. Kendall, Jr., Thompson, Knight, Wright & Simmons, Dallas, Tex., for appellant.

Bert Bader, Dallas, Tex., Warwick H. Jenkins, Waxahachie, Tex., Jenkins & Allen, Waxahachie, Tex., McKool & Bader, Dallas, Tex., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

Joe Wedgeworth worked for Sears, Roebuck and Company at its store in Waxahachie, Texas. The employer was not a subscriber to Workmen's Compensation insurance under the laws of Texas. The employee, Wedgeworth, claimed damages for injuries received while at work. To recover, in such a case, from a non-subscribing employer, negligence of the employer must be shown. The employer cannot assert contributory negligence, negligence of a fellow servant, or assumption of risk by the employee as defenses. Rev.Civ.Stat. Tex., art. 8306, § 1; Vernon's Ann.Civ. St.Tex. art. 8306, § 1.

The employer, Sears, Roebuck and Company, has appealed from a judgment entered against it after an adverse verdict in a suit of the employee who claimed two injuries, one in 1953 and the other in 1955, both to his back. In 1953 the Sears, Roebuck store manager at Waxahachie directed the appellee to move some batteries to a counter for the purpose of weighting down some newly laid linoleum until the adhesive fastening it to the counter had set. While so engaged, the appellee slipped, dropped the battery and fell with a back injury resulting. The floor had been treated with a preparation called microsheen and it was claimed by the appellee that he slipped because the floor was negligently permitted to be or remain oily or slick with this compound.

In 1955 the assistant manager of the store directed the appellee to take a pick-up truck to a freight depot and there get a shipment of pipe and deliver it to a farm. The truck had no pipe

racks. Appellee was unable to get the pipe tied under the truck and in lifting the pipe to get it on top of the truck he reinjured his back. It was claimed that there were two acts of negligence causing the earlier injury, failing to provide a safe place to work in causing the floor to become or permitting it to remain slippery, and in failing to provide assistance in moving the batteries. So also were two acts of negligence claimed as the cause of the 1955 injury, failure to have a rack on the truck on which to load and carry pipe, and failure to provide assistance.

The appellant claims and insists that we should determine that there was insufficient evidence of its negligence to establish liability for either injury. The appellee, on the occasion of the 1953 injury, was bringing the batteries, three at a time, on a hand truck from which he would lift them to the counter. On the fourth or fifth trip he had placed one battery on the counter and was in the process of picking up another when, as he testified:

"A. Well, right at the point, it is hard to say; when a man is moving a battery, I don't know just exactly when the pain hit me, but in the process of handling this battery I got hurt. The pain hit me in the back as I was lifting the battery up.

"Q. Is that when your foot slipped? A. Yes.

"Q. Then what did you do with the battery when your foot slipped? A. I went down with the battery to the floor, dropped it to the floor.

"Q. Did you actually drop it? A. I just dropped it to the floor, I imagine I was a foot from the floor when I turned the battery loose, I imagine I was.

"Q. Anybody else around there at the time? A. Right then, nobody close by at that time.

"Q. Now, what did you do after you got your back hurt? A. I went and told Mr. McGinnis I hurt my back.

"Q. Who was he? A. He was Assistant Manager.

"Q. Where did you tell him? A. I don't remember the exact spot where he was; I left there and told him, because he asked me was I hurt very bad; I told him I didn't think I was hurt very bad; so, he told me to take it easy and go in the battery house and service station and take it easy for the rest of the day."

Later in his testimony he said:

"A. When I reached and got the battery and straightened up and my foot slipped, that is when the pain hit me in the back.

"Q. Your foot slipped first? A. Yes, sir; yes.

"Q. Then came the pain? A. Yes, sir.

"Q. Then you dropped the battery? A. Yes, sir; in the operation you can't tell exactly how it came about, in the operation of the lifting of the battery.

"Q. Are you presuming that, or do you remember? A. Sir?

"Q. Are you presuming that is what happened? A. I can't recall everything that is done in an operation of that sort, only I know I got hurt in the operation of the lifting of the battery, and my foot slipped, all at the same time."

There was no evidence as to when microsheen had last been applied to the floor before appellee was injured. The Sears, Roebuck store manager testified that microsheen was pretty slippery if too much was put on and slippery when it is first put on. He stated that when the microsheen dried the floor was normal and that it was customary to apply it in the afternoon after closing hours and it would dry overnight. The appellee's injury occurred at about two o'clock in the afternoon. The microsheen was usually applied by the manager of the store and he was frequently assisted by the appellee. There was no

evidence as to when the microsheen was last applied prior to the accident. The oiling of a floor in a business establishment is a customary practice and is not negligence per se. 30–B Tex.Jur. 269, Negligence, § 69. The appellee testified that the floor was oak, that it was oily and he slipped because it was oily. The evidence was, we think, enough to make a case for the jury on the question whether the appellee sustained an injury from a fall caused by slipping on a floor which the appellant negligently caused to be or permitted to remain in an oily and dangerous condition. S. H. Kress & Company v. Telford, 5 Cir., 1957, 240 F.2d 70; Sears, Roebuck & Company v. Robinson, 154 Tex. 336, 280 S.W.2d 238; Furr's Inc. v. Martin, Tex.Civ.App., 296 S.W.2d 607.

■ The appellee asserted that he should have had help in moving the batteries. The appellee, while conceding that handling and moving batteries was a part of his job, says that there was no evidence that he had ever before been required to move fifty batteries at any one time and so he should have been given help. The evidence as to the weight of the batteries is not definite but it appears that the maximum battery weight was not more than seventy pounds and might have been much less. From the appellee's own testimony it is shown that he could not have handled more than fifteen batteries on the occasion of his claimed injury before he fell. The appellant asserts that help was present and available had it been needed by the appellee. We do not find in the record any satisfactory evidence to show that the appellee needed help. We do not find any evidence that he asked for help. On the other hand it does not clearly appear whether, had he needed and requested help, it would have been furnished. There is a duty upon an employer to furnish adequate assistance to permit the doing of each particular piece of work with reasonable safety. "The principle of law which imposes this duty upon the master has been asserted and applied in cases ranging from the navi-

gation of an ocean steamer and the operation of a railway train to the lifting of a log or the turning of a stone." Bonn v. Galveston, H. & S. A. Ry. Co., Tex.Civ. App., 82 S.W. 808, 813; Galveston, Houston & S. A. Ry. v. Bonn, 44 Tex.Civ.App. 631, 99 S.W. 413. The law applicable has been recently stated in Sears, Roebuck & Co. v. Talley, 5 Cir., 1956, 239 F.2d 82, which was not decided until after the trial in this case. For reasons hereafter given, a new trial must be had. There, if necessary, the question as to the need for and availability of assistance to the appellee in moving the batteries can be developed. It need not here be further discussed.

■■ There was testimony that, following the appellee's first injury, he was relieved from doing heavy work, such as delivering refrigerators, uncrating heavy equipment, and the like. The pipe which figured in the 1955 injury was in twenty-one-foot lengths, about eight to a bundle, with each piece weighing nineteen or twenty pounds. The appellee requested no help in loading the pipe but could have had the assistance of one of the employees at the freight station if he had requested it. When help is available and the employee attempts the task alone without seeking or availing himself of assistance, he cannot complain that his employer has not provided him with a helper. Sears, Roebuck & Co. v. Talley, supra; Collins v. Singer Sewing Machine Company, 5 Cir., 1957, 239 F.2d 705; Western Union Telegraph Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977. There was no negligence in failing to send a helper with the appellee. Nor do we think, as appellee has contended, that there was any negligence causing an injury to appellee in the failure of the appellant to equip the truck with pipe racks. On many occasions the truck had been used by the appellee for hauling pipe. The evidence shows that the injury was caused by the attempt of the appellee to lift the bundles of pipe without help. The voluntary overtaxing of his strength rather than the failure to have a rack on the truck was the cause of the

injury. Hines v. Ross, Tex.Civ.App., 230 S.W. 1066. The evidence submitted was not sufficient to take the case to the jury on the question of the 1955 injury.

■ The appellant requested and the court declined to give an instruction that, if the jury found that appellee's actions were the sole proximate cause of his injuries, then their verdict should be for the appellant. The refusal to instruct as requested is assigned as error. The court gave a full instruction on actionable negligence, including proximate cause as an element of it. The court included in its instruction a definition of proximate cause. Unless the defense that the plaintiff's negligence is the sole proximate cause of the injury is an affirmative defense, no instruction such as was requested would be proper. Cf. Rodriquez v. Zavala, Tex.Civ.App., 279 S.W.2d 604. If it is an affirmative defense, no instruction is required where, as here, it is not pleaded and is not supported by substantial evidence. Rule 8(b), Fed.R.Civ.Proc., 28 U.S.C.A.; Liberty Mutual Ins. Co. v. Arnold, 5 Cir., 1941, 118 F.2d 47. The charge on the general phases of negligence was fair and full. There was no error in refusing the requested charge. American Fidelity & Casualty Co. v. Drexler, 5 Cir., 1955, 220 F.2d 930.

■ The court declined to give the appellant's requested charge that it could not find it was negligent with respect to the 1953 injury unless it knew or should have known of the existence of the slippery floor. If the floor was slippery and was made so by a substance placed on it by the appellant, then it cannot be heard to assert lack of knowledge. 30-B Tex.Jur. 269, Negligence, § 69. In Sears, Roebuck & Company v. Robinson, Tex. Civ.App., 272 S.W.2d 549, affirmed 154 Tex. 336, 280 S.W.2d 238, the oil on the floor leaked from cans stored in a warehouse thus presenting a factual situation differing from the case here.

■ The trial court was requested by the appellant to instruct the jury that if the temporary inadequacy of help was unknown to the appellant it was not negligent in failing to provide additional help on the occasion of the 1955 injury. The court refused to give the instruction. It seems that the requested instruction is the law in Texas. August v. Texas & N. O. R. Co., Tex.Civ.App., 265 S.W.2d 148. Since we are reversing the judgment because of the appellee's failure to show that there was negligence of the appellant causing the 1955 injury, we need not further discuss this question.

While the appellee was on the stand, he testified that he was sent by the appellant to Dr. Wallace. His attorney asked if the doctor told him he had symptoms of a lumbar disc at that time. The appellant's attorney objected. The following ensued:

"Q. [By Mr. Bader, Counsel for Appellee] What did he say? Did he say anything about sending you to a doctor? A. I told him I thought I was going to be all right, and I had hurt my back, so when I came to work the next morning they sent me to a doctor.

"Q. You went to whom? A. Dr. Wallace.

"Q. Did he look at you again, examine you? A. He did.

"Q. And that is the same doctor that Sears sent you to before, is that right? A. Yes, sir.

"Q. And he examined you the second time, is that right? A. Yes, sir, he did.

"Q. Did he give you any treatment? A. Well, no more than some shots and some medicine to take.

"Q. Did he advise you anything to sleep on at that time?

"The Court: Doesn't it call for an unsworn statement?

"Mr. Bader: Yes, sir, it is hearsay, but it is an admission on the part of the person employed by Sears to examine this man for Sears.

"Mr. Grissom [Counsel for Appellant]: Counsel also knows that a professional man, a doctor or lawyer, are independent contractors.

"The Court: What was the position of the man? What was the relation of the man to the defendant?

"Mr. Grissom: He is a doctor in Waxahachie.

"Mr. Bader: Hired by the insurance company to treat this man and examine him.

"Mr. Grissom: Now, if Your Honor please, I want to make a motion at this time, in view of the statement of counsel—could we make this motion now outside the presence of the jury? I believe that would be proper.

"Mr. Bader: I am sorry. This is Sears, Roebuck's doctor.

"Mr. Grissom: The objection is to what he said, and if Your Honor didn't hear it I would like for the Court reporter to read it.

"The Court: Gentlemen, a doctor cannot pass upon the civil liability in a lawsuit and any admission made by him or to him, I don't think would be admissible, and in view of the ruling, what further do you want?

"Mr. Grissom: Well, if Your Honor please, counsel made a statement here in open Court which he knows does not have any foundation in fact, and in fact, it is pretty well known that it is not true. I want to make a motion for a mistrial on that ground."

The appellant's motion for a mistrial was denied. In its charge the court instructed the jury that:

"During the trial something was inadvertently said about insurance. You are instructed that such is not an issue in the case and by stipulation of the parties you are now told that this is not being tried as a compensation case nor was the defendant an insurer, the case being predicated on an allegation of negligence being the proximate cause of the injury, if any."

 The appellant asserts that once a question of insurance is interjected into a personal injury case, the harm is done, reversible error has been committed, and nothing can correct it. The instruction, the appellant says, did not and could not cure the error and the refusal to grant the motion for mistrial requires a reversal. Since this question is not likely to recur on another trial we refrain from any discussion of it beyond saying that the adversion appeared to be inadvertent and that no harm resulted to the appellant. Not every reference to insurance is a ground for a mistrial. See William Cameron Co. v. Downing, Tex. Civ.App., 147 S.W.2d 963, and cases there cited.

Since we are of the opinion that no negligence of the appellant was shown in connection with the 1955 injury, the judgment must be reversed. Because of the two injuries being treated together at the trial, a new trial must be had with respect to the 1953 injury for which the cause is remanded.

Reversed and remanded.