493 F.2d 471
 Tommy Ray LENZ, etc., et al., Plaintiffs-Appellees,
v.
SOUTHERN PACIFIC COMPANY, Defendant-Appellant.
No. 73-3861 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 April 29, 1974.
 
 F. W. Baker, San Antonio, Tex., for defendant-appellant.
 William H. Price, Pat Maloney, San Antonio, Tex., for plaintiffs-appellees.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 On December 24, 1971, Joseph A. Lenz, Jr., was killed when the truck he was driving collided with a Southern Pacific train in Macdona, Texas. A wrongful death action based upon diversity jurisdiction was filed in federal court by the decedent's former wife on behalf of his minor son, Tommy Ray Lenz, and by the decedent's parents. After a jury verdict in their favor a judgment was entered awarding the deceased's parents $15,000 and his minor son $50,000. Southern Pacific's motion for a new trial was denied and it has appealed.
 
 
 2
 The appellant makes four basic contentions: (1) 'Insurance' was inappropriately injected into the case by the appellees' counsel and the court. (2) Hearsay evidence was admitted which created reversible error. (3) The damage awards are excessive. (4) There was cumulative error.
 
 
 3
 The injection of 'insurance' arose when the appellees' counsel inappropriatelt referred to a railroad investigator as an 'insurance investigator.' The district court rejected the appellant's motion for a mistrial and instructed the jury that there was no insurance involved in the case and to disregard the reference to insurance. The appellees' counsel apologized to the court and agreed that there was no question of insurance. In his order overruling the appellant's motion for a new trial the trial judge found that the insurance reference had been inadvertent.
 
 
 4
 The appellant contends that a single inadvertent reference to insurance is prejudicial error when caused by the court or when caused by a plaintiff's counsel in a case in which liability is strongly and closely contested or the verdict is substantial. Initially we note that the court did not cause the reference to insurance. By its instructions the court merely attempted to cure the error.[1] The appellant intimates that it was harmed by the court's instruction that there is no insurance in this case. It alleges that it would have been preferable for the court merely to instruct the jury to disregard the statement and give it no effect whatsoever. We can perceive of no harm to appellant arising from the court's choice of instructions. Indeed, it may have been more favorable to appellant.
 
 
 5
 As to the injection of the insurance issue by the appellees' counsel it takes no citation of authority to note that courts disapprove of such actions. Not every mention of insurance, however, is prejudicial.[2] This single inadvertent reference was properly corrected by the trial court's instructions and did not prejudice the appellant's interest.
 
 
 6
 The hearsay statement of which the appellant complains occurred when the deceased's former wife testified that he told her that he made at least $26,000 in 1969. The appellant objected to the statement as hearsay, and the objection was erroneously overruled. Upon reconsideration the district court found that in light of the entire record the statement was not of such nature as to affect the jury verdict. The jury's verdict should be disturbed by this court only if we find that the inadmissible matter affected the substantial rights of the parties.[3] Upon a review of the record we agree that the hearsay statement did not affect the outcome of the trial or the substantial rights of the appellant.
 
 
 7
 Furthermore, we are convinced that the size of the verdicts are within the zone designated as the jury's province.[4] Finally, we conclude that the cumulative effect of the alleged errors was not calculated to and did not cause the rendition of an improper judgment.
 
 
 8
 The decision of the district court is, therefore, affirmed.
 
 
 9
 Affirmed.
 
 
 
 [1]
 In Socony Mobil Oil Co. v. Taylor, 388 F.2d 586 (5th Cir. 1967) this court reversed when the trial court injected the insurance issue on its own voir dire examination. It was undisputed that there was no insurance coverage. The court noted that under some circumstances a cautionary instruction might be sufficient as a curative matter. In the present case the district court's only participation was of a curative nature
 
 
 [2]
 See Sears, Roebuck & Co. v. Wedgeworth, 252 F.2d 759, 764 (5th Cir. 1958); Pasotex Pipeline Co. v. Murray, 168 F.2d 661, 662 (5th Cir. 1948); St. Louis Southwestern Ry. Co. v. Gregory, 387 S.W.2d 27 (Tex.1965); Dennis v. Hulse, 362 S.W.2d 308 (Tex. 1962)
 
 
 [3]
 F.R.Civ.P. 61
 
 
 [4]
 The power of an appellate court to review the excessiveness of a verdict is extremely limited. Ross v. Newsome, 289 F.2d 209, 210-211 (5th Cir. 1961). Great caution should be exercised before the appellate courts interfere. St. Louis Southwestern Ry Co. v. Williams, 397 F.2d 147, 152 (5th Cir. 1968)